No. 9752.
Orleans Appeal.

---

## WM. H. HENDREN v. CRESCENT CITY SELTZER AND MINERAL WATER CO., INC.

---

(October 20, 1924, Opinion and Decree.)
(November 3, 1924, Rehearing Refused.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest, Holidays, Par. 2.**

It is lawful to file and record suits, to issue and serve citation, and to take and execute all other legal proceedings on Saturday half holidays.

2. **Louisiana Digest, Laws, Par. 72; Time, Par. 6, 9, 10.**

In the ten days granted by Act 122 of 1921 to take an appeal the court cannot exclude the 4th of July.

3. **Louisiana Digest, Laws, Par. 72; Time, Par. 10.**

In counting the ten days for an appeal under said Act the Court must exclude Sundays and the tenth or last day, granting the appellant the whole of the eleventh day, after the rendition of the judgment.

4. **Louisiana Digest, Time, Par. 10.**

When the last day falls on a legal holiday the appellant has the whole of the following day.

In the First City Court for the City of New Orleans judgment was rendered and signed on Tuesday, July 1st, 1924, against the defendant for $165.40; on Monday, July 14th, 1924, the defendant filed a motion for a suspensive appeal to this court; the judge of the City Court "refused to grant the order of appeal on the ground that same was too late"; whereupon the defendant applied to this court for a mandamus ordering the judge to grant the appeal.

Mandamus peremptory.

C. S. Hebert (Relator).

Gordon Boswell, Milo B. Williams (for Judge, Division "A").

CLAIBORNE, J. The relator alleges that his application for an appeal was in time for three reasons:

1st. That Saturday, the 12th, was a legal half-holiday, which cannot be counted as one of the ten days allowed to take the appeal, which fact gave him the whole of Monday, the 14th, within which to file his motion of appeal;

2nd. That the intervening July the 4th was a legal holiday, which must also be eliminated from the ten days; and

3rd. Because Saturday, the 12th, was the tenth or last day on which his appeal could be taken and must not be included in the ten days allowed to take the appeal. C. P. 318.

I. In the case of Arthur B. Leopold vs. Schmidt, No. 9256, this court decided, on October 29, 1923, in the language of the last section of Act No. 93 of 1912, p. 100, "that it was lawful to file and record suits to issue and serve citation, and to take and execute all other legal proceedings on Saturdays half-holidays" and that consequently Saturday was a legal day open for all legal proceedings.

II. It was also decided in the same case that "when Act 122 of 1921 regulating the practice in City Courts in cases above $100 provides that appeals shall be allowed within ten days, exclusive of Sundays, the court cannot add thereto any other day of public rest, not even July 4th."

III. Act 128 of 1921, p. 332, provides that:

"Appeals shall be allowed, and be returnable to the Court of Appeal, within ten days, exclusive of Sundays, from the rendition of the judgment, etc."

The judgment in this case was rendered July 1st. July 6th was a Sunday and must be excluded from the ten days. The tenth or last day upon which defendant should have filed his motion for an appeal therefore was Saturday, July 12th.

But Article 318 of the Code of Practice reads as follows:

Art. 318: "In the delay given to the defendant for answering Sunday is included like other days; but in all cases where delay is given either to do something or to answer, neither the day of serving the notice, nor that on which the act is to be done or the answer filed are included." C. C. 180.

In Garland vs. Holmes, 12 R. 421, the Supreme Court said:

"In computing the time for a suspensive appeal neither the day on which the judgment was signed, nor that on which the appeal is to be taken are included. C. P. 318."

Affirmed in State ex rel. Mercier, 29 La. Ann. 223; affirmed in Tupery vs. Edmonson, 29 La. Ann. 850, and in Meyer vs. Bichou, 133 La. 975, 63 South. 487.

In the case of State ex rel. Solari, 40 La. Ann. 793, 5 South. 63, the Supreme Court, reviewing the above cases, said on p. 795:

"Without expressing our opinion on the subject, if the question was res nova, we conclude that the decisions above referred to, in the construction therein adopted of the application of Art. 318 of the Code to expressions precisely similar in Art. 575 have acquired the force of the rule stare decisis, and that they must control our ruling in the present controversy. To be efficient, rules of practice must be unequivocal, and hence they must be uniformly expounded."

In the Garland case the judgment had been signed on December 20, 1855; the appeal was taken on January 2, 1856, two Sundays intervening. The appeal was therefore taken on the eleventh day from the signing of the judgment, excluding two Sundays. Held the appeal was taken in

time. The very same conditions exist in this case.

In the Mercier case, 29 La. Ann. 223, the judgment was rendered January 4; the motion for the appeal was made January 17th, the eleventh day after the signing of that judgment, two Sundays intervened. Held the motion was in time.

In the Tupery case, 29 La. Ann. 850, the judgment was signed June 18; the bond was filed June 30, the eleventh day after the judgment; one Sunday intervened. Held, the bond was filed in time.

But in all cases where the last day of the time allowed for the performance of any judicial act falls upon a legal holiday the law and the practice of the courts have always been to allow the whole of the next day for the performance of such act.

James W. Fowler vs. Amelia Smith and Husband, 1 R. 448; James Garland vs. Charles Holmes, 12 Rob. 421; Allen & Deblois vs. Their Creditors, 8 La. 223; E. J. Hart & Co. vs. John Nixon & Co., 25 La. Ann. 136; John H. Catherwood & Co. vs. Wm. H. Shepard, 30 La. Ann. 677; Meyer vs. Bichow, 133 La. 979.

Our conclusion is that the judgment herein was rendered July 1st, the last of the ten days, excluding Sunday, July 6th, allowed the defendant to take the appeal, fell on Saturday, July 12th; but as this last day "must not be included", the defendant had the whole of the next day, Sunday, July 13th; but as this last day, Sunday, was a legal holiday, the defendant had the whole of the next day, July 14th; on that day he applied for an appeal. He was in time.

It is therefore ordered that the mandamus herein prayed for be made peremptory and accordingly that the respondent Judge of the First City Court of New Orleans be commanded to grant the relator the appeal prayed for herein on his complying with the requirements of the law;

the costs of these proceedings to be paid by the defendant in this case, the Crescent City Seltzer and Mineral Water Co., Inc.