## No. 10,217
## Orleans

## N. O. MOTOR CO., INC., v. H. KELT

(November 16, 1925, Opinion and Decree)

*(Syllabus by the Court.)*

1. **Louisiana Digest—New Trial—Par. 45.**
Act 128 of 1921 does not deny to the party against whom judgment has been rendered the right to apply for a new trial.

2. **Louisiana Digest—Laws—Par. 56.**
Repeals by implication are not favored.

Writ of Prohibition and Mandamus on Division "C" First City Court.

William C. McLeod, of New Orleans, attorney for relator.

CLAIBORNE, J.    This is an application for a prohibition.

Relator avers that he is the plaintiff in the suit of N. O. Motor Co., Inc., vs. H. Kelt, No. 128,946 of the First City Court for the Parish of Orleans; that in said suit he claimed an amount exceeding $100 and less than $300 of which said court had jurisdiction by virtue of Section 91 of Artivle VII, p. 64 of the Constitution of 1921; that said cause was tried before Hon. Wm. V. Seeber, Judge of Section C of the First City Court on June 24, 1925, when judgment was rendered in favor of plaintiff, relator herein, and signed on the same day; that on June 27, 1925, after having signed said judgment, the said judge entertained a rule ordering plaintiff, relator herein, to show cause on August 12, 1925, why a new trial should not be granted; that said order was inexcess of the power granted to the judge of said City Court and was improvidently rendered; that the practice in said

Courts in all suits for moneyed demands above one hundred dollars and not exceeding three hundred dollars is regulated by Act 128 of 1921, p. 332, according to which "judgment may be signed immediately after rendition, and makes no provision for the granting of a new trial after a judgment is signed; that the judgment, once signed became the property of the plaintiff-relator, subject only to the right of appeal, and that he cannot be deprived of it by the granting of a new trial; that on August 12th he appeared before the First City Court and there moved for the rescission of the order to show cause why a new trial should not be granted, but that his motion was there denied by the judge. Relator prays for a writ of prohibition forbidding the judge of said First City Court from proceeding any further in the hearing of said rule to show cause why a new trial should not be granted.

The judge of the First City Court has made no answer to the application for the writ.

Section 1 of the Act of 1921 reads as follows:

"Be it enacted, etc.:
"That the manner and form of proceedings before the City Courts of this State in Cities having over 10,000 inhabitants in cases where said Court has concurrent jurisdiction with District Courts of all suits for moneyed demands above $100 and not exceeding $300, shall be governed by the general laws regulating proceedings before the District Courts, provided 1st, that delays for answering shall be three days only, Sundays and holidays excepted; 2nd, that all exceptions and answers must be filed at the same time; 3rd, that no preliminary default shall be necessary prior to judgment; and 4th, that judgments may be signed immediately after rendition; and 5th, that there shall be no right to trial by jury in such cases before said City Courts."

It will be noted that the statute orders that all proceedings before City Courts in cases above $100 "shall be governed by the general laws regulating proceedings before the District Courts". That is the rule. But the same statute provides for five exceptions only, mentioned therein viz: 1st delays for answering three days, 2nd exceptions and answers must be filed at the same time, 3rd no default necessary; 4th, judgments may be signed immediately after rendition; and 5th, no right of trial by jury.

The statute makes no other proviso or exception. It does not exclude the right to a new trial.

It follows that in all other respects the rules of practice in the Dictrict Courts shall prevail. We have no right to add another proviso or exception.

According to law relative to District Courts the Code of Practice provides: "Art. 557. The Court may revise their judgment by granting a new trial in the cases hereafter provided."

Art. 558: "The party who believes himself aggrieved by the judgment given against him may within three judicial days after such judgment has been rendered, pray for a new trial, which must be granted if there be no good ground for the same; provided that said new trial shall be prayed for and passed before the adjournment of Court".

Act 247 of 1908, p. 368 provides:

"That in all civil cases whenever the trial judge shall be of opinion that the verdict of a jury or judgment of the Court contains any error prejudicial to a party, he may at any time within three days, on motion of the party complaining set aside such verdict or judgment and allow a new trial in the cause."

Sec. 2088 of the Revised Statutes provides "that the party against whom the judgment shall have been rendered may, within three days, pray for a new trial or appeal from the judgment".

It will thus be seen that the general law provided for a new trial both in the City Courts and in the District Courts.

To. yield to relator's contention would lead to the unreasonable conclusion that although the Act of 1921 provides that the proceedings in the City Courts shall be governed by the laws regulating proceedings before District Courts" there would be a right to a new trial when the suit was tried and decided in the District Court, but none when it was filed in the City Court. Such a construction would be in the teeth of the Act of 1921. See Modenback vs. Van Smith, No. 8559 Orl. App., O. B. K. 60.

Act 128 of 1921 did not expressly repeal the laws relative to new trials. The only repeal relied on is by implication. Article C. C. 23 provides that "it (repeal) is implied, when the new law contains provisions contrary to, or irreconcilable with those of the former law". Repeal by implication is not favored. State vs. Henderson, 120 La. 535, 45 South 430; State vs. Cucullu, 110 La. 1090, 35 South. 300; IV La. Dig., p. 622 S. 56. Especially in cases where the law said to be repealed is one extending relief to the party condemned.

There is no provision in the Act of 1921 contrary to the Articles of the Code. of Practice and Revised Statutes. Nor are the provisions of the two irreconcilable. They may both exist and be applied concurrently. The right to a new trial which has existed for so many years both in the City Courts and the District Courts cannot be lightly destroyed or repealed by implication unless the implication be irresistible and the two laws cannot be enforced harmoniously. Expedition in the administration of court proceedings is devoutly to be wished, but not at the expense of the rights of litigants, however small the amount involved.

Relator points to the case of State ex rel. Maller, 128 La. 914, 55 South. 574, where it was held that judgments from City Courts in eviction cases became executory 24 hours after rendition unless appealed from within that delay.

But the court said that Act 313 of 1908, p. 479, provides that "if the tenant does not comply with the judgment within 24 hours after the rendition of said judgment it (the litigant) shall be executed". There was no question of new trial in that case. The only question involved was the date or time when the delay for an appeal commenced. See 8 Orl. App., 412; Audubon Hotel Co. vs. Braunig, 119 La. 1070, 44 South. 891. There is no question of appeal involved in this case.

Act 128 of 1921 does not repeal all laws on the same subject matter, but only "all laws or parts of laws in conflict herewith".

As we do not find that the Act of 1921 is in conflict with the Articles of the Code of Practice and Revised Statutes nor with Act 247 of 1908, the preliminary order herein issued is recalled and the writ of prohibition denied.