## F. RIVERS RICHARDSON v. WIDOW ROSEY CALOAVELLO.

(January 4, 1926. Opinion and Decree.)
(January 18, 1926. Rehearing Refused.)
(March 1, 1926, Writ of Certiorari and Review Denied by the Supreme Court.)

*(Syllabus by the Court.)*

1.—Louisiana Digest—Courts—Par. 89, 119. Appeal Par. 356.

Under Act 128 of 1921, practice in the City Court for the City of New Orleans, in cases where the Court has concurrent jurisdiction with District Courts of suits for money demands above $100.00 and not exceeding $300.00, is governed by the general laws regulating proceedings before the District Court. Where appeal in such cases is taken by motion, as provided by Code of Practice, Arts. 573 and 574, citation of appeal is unnecessary, and motion made in the appellate court to dismiss appeal for want of citation will be denied.

2. Louisiana Digest—Pleading—Par. 66. Courts—Par. 19, 89. Appeal—Par. 43.

Exception to the jurisdiction of the City Court ratione materiae is erroneously maintained where plaintiff, alleging ownership of property valued at $5,-400.00, sues defendant in the sum of $300.00 for the use and occupancy thereof. It is the value of the possession and not the value of the property which determines jurisdiction.

3. Louisiana Digest—Pleading—Par. 23, 29, 62.

A petition and prayer which presents a plea for recovery of money due as rents or compensation for detention, occupation and use by defendant of property belonging to plaintiff, supports a cause of action.

4. Louisiana Digest—Sales—Par. 47.

A promise of sale, while susceptible of enforcement by suit for specific performance, is not translative of property, and does not change ownership therein.

Appeal from First City Court, City of New Orleans, Section "A", Hon. W. Alexander Bahns, Judge.

This is a suit for a sum of money for the value of the use and occupancy of property of real estate. Defendant filed an exception to the want of jurisdiction ratione materia, exception no right or cause of action and of non-joinder of parties. The city court tried the exceptions and maintained them, dismissing plaintiff's suit. Plaintiff appealed. Defendant filed a motion to dismiss the appeal. Motion to dismiss denied. Judgment reversed and case remanded for trial on the merits.

W. H. Talbot of New Orleans, attorney for plaintiff, appellant.

Theo Cotonio of New Orleans, attorney for defendant, appellee.

BELL, J. Plaintiff sues defendant in the City Court of New Orleans for the sum of $300.00 for use and occupancy of his property, 1135 Royal Street. The petition sets forth that on July 2, 1924, plaintiff entered into a written agreement with defendant to sell her the above property for $5,400; that to bind the sale, defendant deposited with plaintiff the sum of $800.00 on account of the purchase price, the sale being for $800.00 cash, balance on "homestead years of credit"; that defendant obtained the homestead loan on the property, but failed and refused to take title after being put in default on May 22, 1925, by notarial act of tender; that, believing defendant would comply with her agreement to purchase, plaintiff permitted her to move into his property on January 11, 1925. Further alleging that defendant is indebted to him for use and occupancy of his property from January 11, 1925, until such time as she might vacate the premises, plaintiff claims that a fair rental value of the property is $50.00 per month,

and prays, by original and supplemental petition, for recovery of seven months' rent, during which defendant has already been in possession, with a credit of $50.00, alleged to have been previously paid him by defendant. These are the material allegations of the petition.

On July 21, 1925, defendant filed an exception of want of jurisdiction ratione materiae.

On July 28, 1925, additional exceptions of no right or cause of action and of non-joinder of parties were filed.

On August 1, 1925, defendant filed answer to the merits, reserving all rights by way of exceptions.

On September 15, 1925, the Court tried only the exceptions, as aforementioned, and after due consideration rendered judgment on October 7, 1925, maintaining all the exceptions and dismissing plaintiff's suit. From this judgment plaintiff appealed, suspensively and devolutively, by motion filed October 14, 1925.

Defendant and appellee has filed motion before this Court for dismissal of the appeal for want of citation of appeal. It is argued, in support of the motion, that citation of appeal is essential under Article 1134 of the Code of Practice; that there are no regular terms of Court in the City Court, and that under the authority of Mayor vs. Gaillard, 17 La. Ann. 120, the appeal must be dismissed.

In the cited case, it was held that, there being no regular terms in the Courts of Justices of the Peace, the provisions of Arts. 573 and 574 C. P., dispensing with citation where appeal was by motion in term time, was inapplicable, and that the appeal should have been taken with citation, as otherwise provided in Arts. 583 and 584, C. P. However sound the ruling as then made in the year 1865, the motion now before us must be considered in the

light of recent legislation found in Act 128 of 1921, which directs that in cases, such as the instant one, where there is a money demand between $100.00 and $300.00, the practice before the City Court of New Orleans shall be governed by the general law regulating proceedings before District Courts.

In the present case, the motion for appeal appears to have been made one week subsequent to the judgment which was "read, rendered and signed in open Court." Considering these facts and the recent statute just noted, it follows that the appeal herein taken by motion in open court, without citation, and in accordance with Arts. 573 and 574, C. P., was, in all respects, regular. The motion to dismiss the appeal must therefore be denied.

We are of the opinion, under the decision rendered by this Court in Babst vs. Hartz, et al., 1 La. App. 498, and several authorities there cited, that there was error in the judgment maintaining the exception of want of jurisdiction ratione materiae. In the above case it was decided:

"Where the issue in a case is not the ownership of property, but the right of possession thereof, it is the value or right of possession and not the value of the property which determines the question of jurisdiction of the appellate court."

A like ruling may be applied in this case, to the question of jurisdiction ratione materiae, in regard to the court of original trial.

As to the exceptions of no right or cause of action, under which the allegations of the petition regarding ownership in plaintiff must be taken as true, we are also of the opinion that these exceptions should have been overruled. In Woodcock vs. Baldwin, 110 La. 270, 134 South. 440, there was judgment for plaintiff in an action brought for "recovery of money due as rents or compensation for the deten-

tion, occupation and use by defendant of property belonging to plaintiff." The present suit involves a prayer for like relief.

The question of misjoinder has not been presented by either party to the appeal, and is therefore disregarded.

In the brief filed on behalf of appellant, we are asked to reverse the judgment appealed from as to the above mentioned exceptions and to "remand the case for trial on the merits". From these facts, it must be assumed that appellant has waived any rights which he may have had resulting from the order rendered by the trial court on August 3, 1925, directing that the exceptions be taken as defendant's only pleading in this suit. This order was granted on motion, and was doubtless predicated on the rules of court and, particularly, the provisions of Act 128 of 1921, which require that "all exceptions and answers must be filed at the same time".

For the reasons above stated, it is ordered that the motion to dismiss the appeal taken to this court be denied; that the judgment appealed from be reversed and set aside, and that the case be remanded to the lower Court for trial on the merits.