ANSELMO v. PISCIOTTA, Appellant

---

(May 23, 1927. Opinion and Decree.)
(Feb. 28, 1927. Appeal Dismissed on Rehearing.)

---

*(Syllabus by the Court.)*
(ON REHEARING)

1. **Louisiana Digest—New Trial—Par. 36.**
Act 128 of 1921 does not deprive a party against whom judgment has been rendered from applying for a new trial within the delay provided by law, even if the judgment has been signed before the expiration of that delay.

2. **Louisiana Digest—New Trial—Par. 38; Appeal—Par. 261.**
In case application for a new trial has been seasonably made the judgment shall not be final and the delay for appeal shall not begin until action by the court upon the application.

3. **Louisiana Digest—New Trial—Par. 36; Appeal—Par. 261.**
Under Act 128 of 1921 regulating the practice in the First City Court in cases between $100.00 and $300.00, an appeal must be taken to this court within ten days. The fact that an application for a new trial is pending under advisement by the court will not extend the time for appeal when the motion is filed after the judgment is signed.

4. **Louisiana Digest—New Trial—Par. 36.**
The judges of the First City Court are authorized by Act 128 of 1921 to sign judgments immediately upon rendition and, when they choose to do so, no motion for a new trial can be considered.

Appeal from First City Court, Division "B". Hon. Val J. Stentz, Judge.

Action by Alphonse Anselmo against Louis Pisciotta.

There was judgment for plaintiff and defendant appealed.

Motion to dismiss appeal denied, and on rehearing, appeal dismissed.

James N. Brittingham, Jr., of New Orleans, attorney for plaintiff, appellee.

P. L. Fourchy, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. Dissents.

CLAIBORNE, J. In the case of Modenbach vs. Van Smooth, No. 8559 of this court, a motion was made to dismiss the

appeal on the ground that the motion of appeal had been filed after the time allowed by Act 128 of 1921.

The facts in that case were that the judgment had been rendered and signed January 18, 1922; the motion for a new trial was filed on January 21, 1922, and was refused on January 31, 1922, the petition for appeal was filed and granted on February 1, 1922, more than ten days after the rendition of the judgment.

This court decided on June 18, 1922:

"It is true that this Act provides that 'appeals shall be allowed and be returnable to the Court of Appeal, within ten days exclusive of Sundays, from the rendition of the judgment and repeals all laws in conflict therewith.' But Act 97 of 1916 relative to appeals from judgment rendered by justices of the peace provides that 'judgments shall not be final until action by the court upon any motion for a new trial which may have been made within the time now authorized by law or rules of court.' "

The motion to dismiss was denied.

In a case of N. O. Motor Co. vs. Kelly, No. 10,217 of this court, 3 La. App. 336, the plaintiff applied for a prohibition forbidding the judge of the First City Court from entertaining a motion for a new trial made after the judgment had been signed, on the ground that the judge had no power so to do under Act 128 of 1921.

After an elaborate opinion, the court concluded that the act did not deny to the party against whom judgment had been rendered the right to apply for a new trial, even though the application was made after the judgment had been signed.

If a defeated party has a right to file an application for a new trial, and as a necessary corollary to have it passed upon, then Act 97 of 1916 suspends the delay for taking an appeal until action by the court on the application. Durbridge vs. State, 117 La. 842, 42 So. 337.

The concluding clause of Act 97 of 1916, page 216, provides:

"Judgment shall not be final until action by the court upon any motion for a new trial, which may have been made within the time now authorized by law or rules of the court."

In the case of State vs. Maloney, 115 La. 509, 39 So. 539, the court said:

"The right accorded to parties convicted of crime to apply for a new trial, and the power and authority conferred upon district courts to grant the same, is the great remedy afforded by the lawmaker for the ascertainment and correction of any errors and resulting injury which may have taken place in the proceedings."

This important right, even in civil cases, cannot be refused, especially in cases involving small amounts, unless clearly denied by the law.

It is therefore ordered that our previous opinion and decree herein be reversed and set aside, and it is now ordered that the motion to dismiss the appeal herein be denied.

Motion to dismiss appeal denied.

For the reasons given in the original opinion of the court, I respectfully dissent.
                                  (Signed) W. W. Westerfield,
                                                      Judge.

____

ON MOTION TO DISMISS

It is contended that the appeal in this case was not taken in time. The suit for a monied judgment between $100.00 and $300.00 and was filed in the First City Court, that court having concurrent jurisdiction with the Civil District Court. The judgment was signed the same day it was

rendered, September 28, 1926. The application for a suspensive appeal was granted October 11, 1926.

The law, Act 128, of 1921, provides that "appeal shall be allowed and returnable to the Court of Appeals within ten days exclusive of Sundays, from the rendition of the judgment."

Obviously the appeal in this case was not taken within the ten days mentioned in the statute. But it is contended that the time was extended because of the pendency of an application for a new trial, which was filed the same day the judgment was rendered, taken under advisement and refused October 11, 1926. In other words, counsel contends that since he was within ten days of the date the new trial was refused he was in time with his appeal.

It does not appear from the record, whether the new trial was asked before the judgment was signed, or not. If filed before, the presumption is that it was refused or the judgment would not have been signed. If filed after the signature of the judge was affixed to the judgment, it came too late, unless the judge signed prematurely, and inadvertently.

"A judgment prematurely signed does not become final and produces no effect where a motion for a new trial is seasonably made and subsequently granted." State vs. Judge, 35 La. Ann. 1104.

No appeal could be taken after the judgment was signed if signed when authorized by law.

"A judgment becomes absolute by its signature and from that moment becomes the property of the party in whose favor it is rendered." Mercer vs. Natchez B. & S. Ry. Co., 136 La. 187, 66 South. 774.

Act 128 of 1921 provides that the procedure in cases where the city courts have concurrent jurisdiction with the District Courts "shall be governed by the general laws regulating proceedings before the District Courts, provided that delays for answering shall be three days only, Sundays and holidays excluded, that all exceptions and answers must be filed at the same time, that no preliminary default shall be necessary prior to judgment and that judgments may be signed immediately after rendition * * *."

This act authorizes the judge of the First City Court to sign the judgment immediately. Counsel argues that the privilege, when exercised by the judge, deprives a litigant of the right of applying for a new trial. Of course it does, but if the legislature sees fit to place such discretion in the judge of the First City Court, we see nothing very shocking to our sense of justice in the procedure. Why shouldn't this delay be eliminated in these small cases? The purpose of the Act of 1921 as well as the constitutional provision conferring this concurrent jurisdiction on the city courts was largely the expedition of judicial procedure in this class of cases. Nor do we think the action of the judge a quo in holding the application for a new trial under advisement for some time can save the situation. It merely indicated some doubt in the mind of the court as to whether it could or should grant the application. Perhaps defendant in rule experienced a false sense of security by reason of the court having entertained the motion, but we cannot allow such considerations to outweigh the positive provisions of the law which we have quoted.

The act declares that the judgment may be signed immediately and that an appeal must be taken within ten days. Obviously, therefore, when a judgment is signed immediately, and appellant knew of its having been signed because he filed his motion

for a new trial the same day, there can be no delay for a new trial. The rule that an application for a new trial seasonably made extends the time for appealing until the application is disposed of finds no application here.

The appeal must be dismissed.