MADISON LBR. CO. v. ALSON

(February 17, 1930.  Opinion and Decree.)

Deutsch & Kerrigan, of New Orleans, attorneys for plaintiff, appellee.

Milner & Porteous, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J.  This is an appeal from a judgment rescinding an order for a suspensive appeal.

Plaintiff obtained a judgment in the First city court, which was signed October 4, 1929.  A motion for a suspensive appeal was filed, and the order granting the appeal to this court was signed on October 7, 1929.  The appeal was perfected on October 17, 1929, whereupon the appellee filed a rule in the city court to dismiss the appeal, upon the ground that it was taken too late.  The rule was made absolute, and the former order granting the appeal rescinded.  Defendant appeals from that judgment.

The judgment was signed October 4th, and the appeal was taken October 17th.  There intervened during this period a legal holiday "Columbus Day" (see Act 49 of 1928) and two Sundays. Appellee contends that October 16th was the last day upon which the appeal could be taken.

Act 128 of 1921, sec. 1, relating to procedure in cases of this kind, provides:

"Appeals shall be allowed, and be returnable to the Court of Appeals, within ten days, exclusive of Sundays, from the rendition of the judgment," etc.

Eliminating the two Sundays between October 4th, and October 17th, the tenth day would be October 16th.  If this day is to be counted the appeal was taken too late, and the judgment appealed from must be affirmed.  The intervening holiday, Oc-

tober 12, 1929, must be counted, since under the terms of the Acts of 1921 only Sundays are to be excluded.

In Hendren vs. Crescent City Seltzer & Mineral Water Company, Inc., 1 La. App. 25, we held that the last, or terminal, day did not count because of the provision of article 318 of the Code of Practice which provides:

"In the delay given to the defendant for answering, Sunday is included like other days; but in all cases where delay is given either to do something or to answer, neither the day of serving the notice, nor that on which the act is to be done or the answer filed, are included." C. P. 180.

In the cited case a number of decisions of our Supreme Court and this Court were referred to as firmly establishing the jurisprudence to the effect, as stated in Garland vs. Holmes, 12 Rob. 421, that:

"In computing the time, for a suspensive appeal, neither the day on which the judgment was signed, nor that on which the appeal is to be taken are included. C. P. 318."

But our attention has been directed to the case of Tessier vs. Jacobs, 164 La. 239, 113 So. 833, which it is said holds the contrary. In that case the question presented was whether, in computing the delay allowed defendant for answering, the tenth day or terminal day was to be considered, in view of article 318, C. P. In holding that the terminal day was to be counted, the court declined to discuss the question on its merits saying that for more than 50 years the practice complained of (taking preliminary default on the 11th day) had been sanctioned by the court;

the previous jurisprudence being unanimously to the effect that the delay for answering expired on the 10th day. In reaffirming this jurisprudence, the court relied upon the doctrine of stare decisis.

We interpret the case of Tessier vs. Jacobs, supra, as authority for the proposition that, in the delays for answering, the tenth or terminal day must be counted, notwithstanding the provisions of article 318, C. P., and, for the reasons given in that case, we hold here that the tenth, or terminal, day does not count in computing the time allowed for a suspensive appeal, because of the provisions of article 318, C. P.

In other words, the decisions maintaining the view here expressed have been unanimous and consistent for a period of more than 50 years, and there is greater reason for the application of the rule of stare decisis in this instance than there was in the Tessier case. The decisions to which we refer are discussed in our opinion in the Hendren case and will not be reconsidered here.

It follows, therefore, that, since the last day, October 16, 1929, does not count, the appeal, having been taken on October 17th, was timely.

For the reasons assigned the judgment appealed from is reversed, and it is now ordered that the rule to rescind the order of appeal be discharged and the defendant's appeal reinstated.