ALMERICO v. LOUIS A. BILLA & CO. ET AL.

———

(December 11, 1930. Opinion and Decree.)

———

Upton & Barringer, of New Orleans, attorneys for plaintiff, appellant.

Theo. Cotonio, of New Orleans, attorney for defendants, appellees.

### ON MOTION TO DISMISS

JANVIER, J. Appellee moves to dismiss the appeal on the following grounds:

(1) That the order granting the appeal was not obtained until more than ten days after the judgment was signed.

(2) That the appeal was made returnable on November 18, 1929, and no transcript was filed on that day, but that on the day following the return day an application for an extension of time to file the transcript was made; that thus the application came too late.

(3) That the appeal was taken by petition and not by motion, and that therefore citation of appeal should have been served on appellee, that the citation was prayed for in the petition, and that the order granting the appeal ordered it to issue, but that the citation of appeal as prepared by the clerk was not served because appellant failed to pay for such service.

1. The judgment was signed on October 28, 1929. The order of appeal was signed on November 8, 1929. Treating October 29 as the first day after the judgment was signed, we find that November 8, was the 11th day. The order was thus signed within the time limit provided in Act No. 128 of 1921 (Ex. Sess.), since, in a syllabus written by the court in Hendren v. Crescent City Seltzer & Mineral Water Co., Inc., 1 La. App. 25, we find the following:

"In counting the ten days for an appeal under said Act the Court must exclude Sundays and the tenth or last day, granting the appellant the whole of the eleventh day, after the rendition of the judgment."

2. The application for extension of time to file the transcript did not come too late. It was made on the day after the return day as fixed in the order granting the appeal. Article 883 of the Code of Practice reads in part as follows:

"If the appellant has not filed in the Supreme Court, on the day appointed by the inferior judge, the record from the court below, and was prevented from doing so by any event not under his control, he may either in person or by attorney apply to the court before the expiration of three days, after which the appellee may obtain a certificate from the clerk declaring that the record has not been filed, and

may demand a further time to bring it up, which may be granted by the court if the event causing the delay be proved to its satisfaction. * * * "

In interpreting this article and in passing on a contention identical with that now under consideration, the Supreme Court in Sammons v. New Orleans Railway & Light Co., 143 La. 731, 79 So. 320, 321, said:

"The contention of the appellee that the transcript was filed too late is based upon the appellant's failure to apply to this court on or before the return day of the appeal, and, on proving to our satisfaction that she was prevented from filing the record in this court on the return day by an event not under her control, to demand and obtain further time to bring it up. Appellee refers to the requirements of article 883 of the Code of Practice for obtaining, within three days after the return day of an appeal, further time to bring it up. Our interpretation of the article of the Code is, not that an appellant must make a formal demand to have the benefit of the three days grace, but that, if he requires further time, he must make the demand within the three days following the return day, and prove to the satisfaction of this court that he was prevented by an event not under his control from filing the record on the return day."

The case of Filiberto v. Evans et al., 9 La. App. 104, 118 So. 844, 845, is not applicable here because in that case the question presented was whether three days of grace for the filing of a transcript were allowed after the granting of an extension. The court said:

"An extension of the return day does not carry with it days of grace.

"A second or subsequent application for an extension must be made on or before the day to which the extension is made."

3. The contention that the appeal was asked for by petition instead of by motion, and that therefore citation was necessary seems to be disposed of by the decision of the Supreme Court in Frankel et al. v. Morse Timber Co., Limited, et al., 140 La. 448, 73 So. 263. There, as here, a petition for appeal was filed. Since it was filed at the same term of court as that at which the judgment appealed from had been rendered, it was treated as a motion for appeal and no citation issued. In overruling a motion to dismiss the appeal, the Supreme Court said:

"The minutes show that the appeal was granted on motion in open court. This motion was in writing, and the order granting the appeal was also in writing, and this order calls the said motion a 'petition'; but what difference this can make we are at a loss to imagine. The appeal having been granted in open court at the same term of court, citation of appellees was not necessary."

Here it is true that the citation was prayed for and it also seems to be true that the citation would have been served except for failure of appellant to pay the costs of such service. But the minutes of the court, which minutes were, by writ of certiorari, brought here and attached to the record, show that the appearance at which the appeal was asked for, whether we call it a petition or a motion, was made in open court and at the same term of court at which the judgment had been rendered. No citation was necessary, and the prayer for citation was mere surplusage.

The motion to dismiss the appeal is overruled.