SIEVERS v. SAMUEL

(December 15, 1930. Opinion and Decree.)
(January 5, 1931. Rehearing Refused.)
(March 3, 1931. Writ of Certiorari and
Review Granted by Supreme Court.)
(July 8, 1931. Opinion and Decree by
Supreme Court.)

F. G. Veith, of New Orleans, attorney for plaintiff, appellee.

James G. Schillin, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. The plaintiff, Robert Sievers, provisionally seized the effects of his tenant, Wilfred Samuel, claiming that there was rent due him in the sum of $263. The seizure was released on a forthcoming bond, upon which James G. Schillin appeared as surety. The bond was given to the constable without an order of court and, by agreement between counsel. A number of partial payments were made on account of the judgment, with the result that, after the addition of costs of suit, the landlord's claim had been reduced to the sum of $192.90, for which sum Samuel and Schillin were condemned on the forthcoming bond, the property which it represented having, with trivial exceptions, disappeared.

Among other defenses it is contended that the forthcoming bond is illegal and of no effect because issued without an order of court, as required by article 287 of the Code of Practice. Appellee, referring to this point, argues that, since this case originated in the First City Court, the rules applicable to procedure before justices of the peace apply and that no order of court is necessary under the provisions of art. 1127, C. P., which, it is said governs here.

It will be noticed that the amount involved exceeds the sum of $100. Consequently the case is within the concurrent jurisdiction of the city courts with district courts and, under the authority of Act No. 128 of 1921 (Ex. Sess.), the manner and form of procedure is the same as that which obtains in the district court. The

question, therefore, is whether, according to the procedure in the district courts of the state, an order of court is a prerequisite, essential to the validity of a forthcoming bond. The bond before us, which is on a printed form, purports to have been executed "by order of court," which, since these words appear in the printed portion, would, at least, indicate that the practice was to obtain the order. There is certainly good reason to do so. A constable or sheriff should not be permitted to accept a forthcoming bond upon his own initiative and we understand the case of Honeycutt v. Whitten et al., 152 La. 1046, 95 So. 216, 218, to hold that, though other formalities required by art. 287, C. P., may be waived, because, in the interest and for the benefit of the parties (lessor and lessee), the order of court is essential and may not be dispensed with. In the words of the court "the permission to bond constituted the judicial sanction for the release of the seizure, it was jurisdictional, and was an essential prerequisite to authorize the sheriff to substitute an obligation in lieu of the property which he held under seizure."

We are of opinion that the case is controlled by Honeycutt v. Whitten et al., supra.

For the reasons assigned the judgment appealed from is amended in so far as it runs in favor of the plaintiff, Robert E. Sievers, and against the defendant, James G. Schillin, and it is now ordered that plaintiff's suit against James G. Schillin be dismissed at his cost.