## EVANS v. FIRST NAT. LIFE INS. CO.
### No. 14155.

Court of Appeal of Louisiana. Orleans.
May 30, 1932.

For former opinion, see 141 So. 101.

Norman, McMahon & Breckwoldt, of New Orleans, for appellant.

Chas. J. Mundy, of New Orleans, for appellee.

HIGGINS, J.

This matter comes before us on rehearing. In our original judgment we dismissed the appeal on the ground that the return day of the appeal was fixed by the trial judge and the transcript was lodged here in excess of the time allowed by law. The appellee moved to dismiss the appeal upon two grounds:

First, that the appellant petitioned the court for an appeal, but did not have a citation of appeal served upon the appellee, or his counsel.

Second, that the judge of the lower court, in the order granting the appeal, fixed the return day of the appeal beyond the time allowed by the provisions of Act No. 128 of 1921 (Ex. Sess.).

Taking up these issues in the above order, it appears from the record that the petition for the appeal was filed in the open court, and at the same term of court at which the judgment had been rendered. In the case of Almerico v. Louis A. Billa & Co., 15 La. App. 506, 131 So. 620, this court said: "Where petition for appeal was made in open court and at term at which judgment was rendered, no citation being necessary, prayer for citation was surplusage." Syllabus. See, also, Frankel et al. v. Morse Timber Co., 140 La. 448, 73 So. 263; Streat v. Unity Industrial Life Ins. Co. (La. App.) 140 So. 709.

The first ground of the motion to dismiss is, therefore, clearly without merit.

Passing to the second contention, we observe that the judgment of the First city court for the city of New Orleans was rendered and signed on February 8, 1932. The petition for a suspensive and devolutive appeal was filed on February 12, 1932, and the trial judge, in the order granting the appeal, fixed the return day as of February 23, 1932, and the transcript was filed here on that day. The amount in dispute is the sum of $250, and therefore the case falls within the concurrent jurisdiction of the civil district court for the parish of Orleans and the First and the Second city courts of the city of New Orleans, as provided in article 7, § 91, par. 3, and section 92 of the Constitution of 1921, the relevant part of which reads as follows: "* * * Said court [First and Second City Courts of the City of New Orleans] shall also have jurisdiction concurrently with the Civil District Court of all suits for moneyed demands above one hundred dollars and not exceeding three hundred dollars, exclusive of interest; provided, that such cases shall be tried and the testimony and evidence therein shall be taken in the same manner as cases tried in the Civil District Court, and the appeal in the Court of Appeal shall be tried upon the original record thus made up and shall not be tried de novo."

In order to regulate the practice in the

city courts of the city of New Orleans, and to carry into effect sections 90, 91, and 92 of article 7 of the Constitution of 1921, the Legislature passed Act No. 128 of 1921 (Extra Session), the pertinent language of which reads as follows: *"Appeals shall be allowed, and be returnable to the Court of Appeals, within ten days, exclusive of Sundays, from the rendition of the judgment,* on giving bond, according to law, in a sum exceeding by one half the amount of money judgments, in case of suspensive appeal, and in a sum to be fixed by the judge in case of devolutive appeal, and other than money judgments. * * *" (Italics ours.)

This act, in section 1, further provides: " * * * The manner and form of proceedings before the City Courts of this State in Cities having over one hundred thousand inhabitants, in cases where said Court has concurrent jurisdiction with District Courts of all suits for moneyed demands above one hundred dollars, and not exceeding three hundred dollars, shall be governed by the general laws regulating proceedings before the District Courts, provided that delays for answering shall be three days only, Sundays and Holidays excluded, that all exceptions and answers must be filed at the same time, that no preliminary default shall be necessary prior to judgment, and that judgments may be signed immediately after rendition, and that there shall be no right to trial by jury in such cases before said City Courts."

Therefore the procedure before the city courts in New Orleans in cases of this kind is the same as that prevailing in the civil district court, except as changed by Act No. 128 of 1921 (Ex. Sess.), the enabling statute. Richardson v. Caloavello, 3 La. App. 535; N. O. Motor Co. v. Kelt, 3 La. App. 336; Sievers v. Samuel et al., 18 La. App. 37, 131 So. 485; Giefers, Receiver, v. Negri, 2 La. App. 156.

Now, is the first above-quoted language of the statute with reference to allowing appeals and the return thereof clear and definite in its meaning? If so, the law requires the courts to apply the statute as written. Article 13, Rev. Civ. Code. But if the words of the statute are doubtful, or dubious, and the language ambiguous, the courts have a right to seek the true meaning, or legislative intent, by considering other phrases and sentences in the act, and what is clear in other statutes upon the same subject-matter, as well as the reason or cause which induced the Legislature to enact the statute. Articles 16, 17 and 18, Rev. Civ. Code.

It appears that the language in question is susceptible of three different interpretations:

First, the construction which has been placed upon it by the judges of the city courts of New Orleans and the members of the bar practicing there during the last eleven years, to the effect that the appellant is allowed ten days, exclusive of Sundays, from the rendition and signing of the judgment to file his motion, or petition for a suspensive and/or devolutive appeal, and that the trial judge is given the right, by the statute, to fix the return day within ten days from the signing of the order granting the appeal.

Second, the construction placed upon it by this court in its original opinion that the appellant shall apply for his devolutive or suspensive appeal, or both, within ten days, exclusive of Sundays, from the date of the rendition of the judgment, and the return day to the Court of Appeal shall likewise be fixed within that period of time by the trial judge; in short, that the language is mandatory, requiring appellant to apply for the appeal and to lodge the transcript in the Court of Appeal within ten days from the date of the rendition and signing of the judgment, exclusive of Sundays.

Third, the construction that the appellant shall have ten days, exclusive of Sundays, from the rendition and signing of the judgment, to file his motion or petition for a suspensive and/or devolutive appeal, which shall be returnable to the Court of Appeal, and that the return day shall be fixed by the trial judge in the order granting the appeal, according to the practice in the civil district court, as provided in Act No. 22 of 1914, giving the judge the right to fix the return day at not less than fifteen, nor more than thirty, days.

The uncertainty in the meaning of the language arises primarily from the position of the phrase "within ten days" and from the punctuation of the sentence, the words, "and be returnable to the Court of Appeals," being set off with commas, indicating a break in the continuity of thought, and, as a result, those who have read and studied the sentence in question have reached different conclusions as to its true and correct meaning. We thus conclude that this portion of the statute is ambiguous, and, consequently, the court is called upon to determine just what was the true legislative intent.

We shall first review the decisions which have interpreted the act and start by saying that Act No. 128 of 1921 (Ex. Sess.) has been held to be constitutional by this court in the case of Estate of Sassinot v. Demourelle, 1 La. App. 160.

In Anselmo v. Pisciotta, 6 La. App. 87, in the original opinion, this court held that the appellant was required to file his application for an appeal within ten days of the rendition and signing of the judgment and not from the day the trial court denied the motion for a new trial, because, under the provisions of Act No. 128 of 1921 (Ex. Sess.) the right to apply for a new trial was not

provided for. On rehearing, by a divided court, it was held that, while Act No. 128 of 1921 (Ex. Sess.) was silent on the subject of new trial in cases of this class, the court would not go so far as to hold that the right to make application for a new trial was repealed by mere implication, the court saying: "This important right, even in civil cases, cannot be refused, especially in cases involving small amounts, unless clearly denied by the law."

In the case of Estate of Sassinot v. Demourelle, supra, where the judgment was rendered on June 11, 1924, and a devolutive appeal applied for on September 16, 1924, the court held that the right to file a motion or petition for a devolutive appeal was limited to ten days, as provided by the statute. The court said:

"In our opinion, Act 128 of 1921 has restricted the time for all appeals, whether devolutive or suspensive, in cases mentioned in the act, to ten days, exclusive of Sundays, from the rendition of the judgment."

"It follows, therefore, that Act 128 of 1921 is properly pleaded by mover herein, as the law applicable to the contention that the appeal has been taken too late, that is, more than ten days, exclusive of Sundays, from the rendition of the judgment."

In Hendren v. Crescent City Seltzer & Mineral Water Co., Inc., 1 La. App. 25, this court held that the last or terminal day did not count because of the provisions of article 318 of the Code of Practice, which provides that, in all cases where a delay is given to do something, neither the day of serving the notice, nor that on which the act is to be done, are included. See, also, Code Prac. art. 180.

Both the Supreme Court and this court, in a number of cases, have held that, in computing the time allowed to apply for a suspensive appeal, neither the day on which the judgment was signed, nor the tenth day, is included. See Garland v. Holmes, 12 Rob. (La.) 421, and Hendren v. Crescent City Seltzer & Mineral Water Co., Inc., supra.

In the case of Madison Lumber Co. v. Alson, 12 La. App. 428, 126 So. 242, 243, the judgment was signed on October 4, 1929, and the appeal was taken on October 17, 1929. Upon a rule taken by the appellee to rescind the order for the appeal, the rule was made absolute. This court, in reversing the judgment of the lower court and holding that the appeal was taken timely, held that, under article 318 of the Code of Practice, the last day did not count, the court saying: "It follows, therefore, that, since the last day, October 16, 1929, does not count, the appeal, having been taken on October 17th, was timely."

In Almerico v. Louis A. Billa & Co. et al., 15 La. App. 506, 131 So. 620, 621, the judgment was signed on October 28, 1929, and the order of appeal on November 8, 1929. In holding that the appeal was timely, the court followed the two foregoing cases and said: "Treating October 29, as the first day after the judgment was signed, we find that November 8, was the 11th day. The order was thus signed within the time limit provided in Act No. 128 of 1921 (Ex. Sess.). * * *"

The court further quoted from Hendren v. Crescent City Seltzer & Mineral Water Co., Inc., supra, the following language: "In counting the ten days for an appeal under said Act the Court must exclude Sundays and the tenth or last day, granting the appellant the whole of the eleventh day, after the rendition of the judgment."

In this case (Almerico v. Louis A. Billa & Co.) the appellee further moved to dismiss the appeal on the ground that the appeal was made returnable on November 18, 1929, and no transcript was filed on that day, but, on the day following the return day, an application for an extension of time to file the transcript was made, and that, thus, the application came too late. The court pointed out that, under article 883 of the Code of Practice, the appellant was allowed three days' grace within which to make application for an extension of time, citing Sammons v. N. O. Railway & Light Co., 143 La. 731, 79 So. 320. The court held that the application was timely and said: "The application for extension of time to file the transcript did not come too late. It was made on the day after the return day as fixed in the order granting the appeal."

From the foregoing authorities it appears that, in spite of the language of the statute that "appeals shall be allowed, * * * within ten days, exclusive of Sundays, from the rendition of the judgment," the statute being silent on the subject of extension of time, but very definite that the appeal shall be taken within ten days, the courts have interpreted the language so as to allow three days of grace within which to apply for an extension, as provided by article 883 of the Code of Practice, and also that, under article 318 of the Code of Practice, the last or terminal day is not to be counted in calculating the ten days.

In a series of cases this court has held that the appellant shall have the right to take either a devolutive or suspensive appeal within ten days after the rendition of the judgment. Hendren v. Crescent City Seltzer & Mineral Water Co., Inc., 1 La. App. 25; Leopold v. Schmidt, No. 9256 of the docket of this court, decided October 29, 1923, unreported [see Louisiana and Southern Digest]; Estate of Sassinot v. Demourelle, 1 La. App. 160; Richardson v. Caloavello, 3 La. App. 535; Anselmo v. Pisciotta, 6 La. App. 87; Modenbach v. Van Smooth et al., No. 8559 of

the docket of this court, decided April 2, 1923, unreported [see Louisiana and Southern Digest]; Del Tyler v. Ingraham, 9 La. App. 366, 119 So. 439; Almerico v. Louis A. Billa & Co., 15 La. App. 506, 131 So. 620; Valley Securities Co., Inc., v. Levy, 15 La. App. 639, 132 So. 795; Madison Lumber Co. v. Alson, 12 La. App. 428, 126 So. 242.

In Richardson v. Caloavello, supra, the appellee moved to dismiss the appeal on the ground that he had not been served with a citation of the appeal. In denying the motion to dismiss the appeal, the court pointed out that the motion for the appeal was made in open court, at the same term time, and said: "Considering these facts and the recent statute just noted, it follows that the appeal herein taken by motion in open court, without citation, and in accordance with Arts. 573 and 574, C. P., was, in all respects, regular."

From the foregoing authorities it also appears that it has been the policy of this court, in interpreting the provisions of Act No. 128 of 1921 (Ex. Sess.), to make the practice and procedure before the city courts, in cases involving between $100 and $300, conform with the practice and procedure in the civil district court. This is also the definitely stated purpose of the constitutional convention and the Legislature in enacting the articles of the Constitution and the statute, respectively, on this subject-matter, the exception being only where the Legislature definitely, clearly, and positively changed the procedure or practice.

Now in cases before the civil district court, which has concurrent jurisdiction in this class of cases, the appellant has a right to take a suspensive appeal within ten days and a devolutive appeal within one year from the signing of the judgment, the court having the right to fix the return day within not less than fifteen, nor more than thirty, days, as provided in Act No. 22 of 1914.

It is true that the Legislature has restricted the appellant's right to appeal devolutively within ten days from the rendition of the judgment in these cases. Why this change was made does not concern us here, although a reading of the act makes it apparent that the purpose of the Legislature was to accomplish the quick disposition and determination of this class of litigation. It is sufficient to say that the language of the statute, in making the change, was clear and definite, and the courts applied it as written. Estate of Sassinot v. Demourelle, supra. But it cannot be said that the language of the act clearly and unequivocally limits the return day to ten days from the rendition of the judgment. We might say that the procedure for taking a devolutive appeal is practically the same as that required for a suspensive appeal, the preparation of the application for

either requiring about the same amount of time and effort. But this is not true of the preparation of the transcript, for each case is different, and it would be reasonable to provide that the trial judge, before whom the evidence was taken, should have some latitude in fixing the time for the preparation of the record of appeal. Certainly it cannot be said that the Legislature would act arbitrarily and unreasonably, and, in the absence of clear and unambiguous language, we will not assume that the intention was to make so radical a change as to require that an appeal must be perfected and the transcript lodged in the appellate court within ten days of the day on which the judgment appealed from was rendered.

The appellee says that the purpose of the Legislature was to effect the speedy disposition of this class of litigation. In the case of N. O. Motor Co., Inc., v. Kelt, 3 La. App. 336, where it was contended that, as Act No. 128 of 1921 (Ex. Sess.) did not provide for the right to apply for a new trial, that right had been repealed, the court refused to so hold and said: "Expedition in the administration of court proceedings is devoutly to be wished, but not at the expense of the rights of litigants, however small the amount involved."

Likewise, we say here that to hold that the Legislature intended that the appellant should apply for his appeal and file the transcript in the court of appeal within ten days from the rendition of the judgment would be "at the expense of the rights of litigants," because that period of time for both purposes is obviously insufficient, and is less time than is allowed for the return to this court of any other appeal from the city courts, even those in cases involving less than $100, which are tried on the original pleadings and de novo, and therefore no transcription of the testimony is necessary. After the judgment is rendered in cases involving over $100, the stenographer must transcribe his notes and file the testimony, in order that the clerk can make up the transcript. The purpose of Act No. 22 of 1914, in granting some discretion or latitude to the trial court in fixing the return day not less than fifteen, nor more than thirty days, was to have the judge fix the return day according to the time that it would take to properly prepare the transcript, the preparation of some transcripts, particularly where there is a great amount of testimony, requiring considerably more time than others.

While it is true that there never has been a case before this court in which it was contended that the appeal shall be returnable within ten days from the rendition of the judgment, exclusive of Sundays, nevertheless, this court, since 1921, in a number of cases, has held that the appellant is allowed

ten days from the rendition of the judgment, exclusive of Sundays, within which to apply for a devolutive or a suspensive appeal. For this court to say now that the appellant must, not only apply for an appeal within ten days, but also perfect it by filing the transcript or the record in this court, would be, in effect, practically depriving him of ten days within which to apply for his appeal, because it would be physically impossible to apply for the appeal on the last, or tenth, day, and have the transcript lodged in this court within that same period of time.

In the case of Tessier v. Jacobs, 164 La. 239, 113 So. 833, where the question of the proper time for taking a preliminary default was involved, the court said that the practice of taking the default on the eleventh day had been sanctioned by the members of the bar and the courts for a period of more than fifty years and refused to disturb that established practice.

In the light of the foregoing authorities, we shall now direct our attention specifically to the sentence in question and present our analysis of it.

The words "be returnable" do not necessarily carry with them any reference to time and they may be used in the sense of "directed to," or "addressed to." In section 24 of article 7 of the Constitution of 1921 it is provided, with reference to appeals to the Courts of Appeal, that such "appeals shall be returnable to the respective domiciles of said courts." Here the words, "be returnable," are used not in connection with time, but entirely to designate the place to which the appeals shall be sent.

In section 20 of the same article of the Constitution we find that the word "returnable" is used to designate the court to which the appeal is to go, with no reference whatever to time. Since, then, the words "be returnable" do not necessarily have to be used in connection with time, why is it not reasonable to believe that, when the legislators, in enacting Act No. 128 of 1921 (Ex. Sess), separated by commas the words, "and be returnable to the Court of Appeals," from the phrase "within ten days," etc., the intention was merely to designate the court to which appeals should go?

We cannot avoid directing our attention to the punctuation marks employed in that part of the statute which is under review.

Although "the niceties of grammar afford no safe guide in interpreting either laws or agreements (Dawson v. Ohio Oil Co., 153 La. 657, 96 So. 508), and while punctuation of a statute cannot control its plain meaning (Ford v. Delta, 164 U. S. 662, 17 S. Ct. 230, 41 L. Ed. 590; 36 Cyc., page 1117), still, an act should be read as punctuated, unless there is some reason to the contrary, and it (punctuation) may be resorted to when all other means fail." Lewis-Sutherland Statutory Construction, vol. 2, pages 688-89.

In Joy v. St. Louis, 138 U. S. on page 32, 11 S. Ct. 243, 251, 34 L. Ed. 843, Mr. Justice Blatchford, as the organ of the Supreme Court of the United States, quoted with approval the following language of the circuit court: "I know that the matter of punctuation is never relied upon to defeat the obvious intent; but, when the meaning is doubtful the punctuation is certainly a matter tending to throw light upon it."

In 36 Cyc., pages 1117, 1118, we find the following: "While punctuation, including quotation marks, brackets, etc., is subordinate to the text and can never control the plain meaning of a statute, it is nevertheless proper, in case of doubt, that punctuation, etc., should operate as an aid in the construction and interpretation of the statute."

We have already shown that the words, "appeals shall be allowed, and be returnable to the Court of Appeals, within ten days, * * *" are susceptible of more than one interpretation. If so, they are ambiguous, for we find in Cyc., vol. 36, page 118, that: "An ambiguity exists in a statute where it is susceptible of two or more different meanings or applications without doing violence to its terms."

Since the words quoted are ambiguous, a study of the punctuation may throw light on the meaning.

In Patterson's "Advanced Grammar and Elements of Rhetoric," on page 373, we find that "it is a good rule to construct sentences so clearly that there would be no ambiguity if all pauses were omitted." In other words, the rule is to use no more commas or other marks of punctuation than are essential.

We note that the clause, "and be returnable to the Court of Appeals," is separated from the other parts of the sentence by commas. If it had been the intention of the framers of the statute that both the clause, "shall be allowed," and the clause, "shall be returnable to the Court of Appeals," were to be modified or governed by the phrase, "within ten days, etc.," there would not have been the slightest need for the use of the commas, because, had that part of the statute been punctuated as follows: "Appeals shall be allowed and be returnable to the Court of Appeals within ten days," etc., there could then have been no doubt that both clauses, "shall be allowed" and "be returnable," etc., were intended to be governed by the phrase, "within ten days," etc., and useless and unnecessary punctuation would have been avoided. The use of the commas, then, since the statute, as punctuated, is ambiguous, indicates plainly that the lawmakers had some

intention, other than that both clauses should be modified by the phrase "within ten days," etc.

What could that meaning have been? Only one thing: That the clause blocked off by commas was not to be modified by the phrase quoted, but was parenthetically inserted to designate· the court to which the appeals should go.

That such use is commonly made of commas is shown by reference to rule 10 on page 371 of Patterson's Grammar, supra, which rule reads as follows: "A parenthetical word, phrase, or clause, is separated from the rest of the sentence by commas."

In Webster's New International Dictionary we find that rule No. 1 for the use of a comma in punctuation is: "To set off words, phrases and clauses that are independent, parenthetical or appositional."

If we substitute the parentheses for the commas in the grammatical function and sense in which they are here employed, the pertinent section of the statute would read as follows: "Appeals shall be allowed (and be returnable to the Court of Appeals) within ten days," etc. Could there then be any doubt as to the meaning of the statute? We think not.

There is another use to which the comma may be put, and that is to separate each clause in a series of clauses alike in grammatical construction, but such use may not be made of the comma where the clauses are connected by the conjunction "and." For instance, it is proper to use commas in separating the various clauses composing the following: "When I was a child, I spake as a child, I understood as a child, I thought as a child," but it would not be proper to use the commas, if each clause was preceded by the conjunction "and." For instance: "I spake as a child and I understood as a child and I thought as a child."

In the statute in question the word "and" is used. Hence it cannot be said that the comma was inserted to separate two clauses alike in grammatical construction and both modified or qualified by the same phrase.

We find no other applicable rule for the use of commas, and we, therefore, believe that by using them the framers of the act intended to parenthetically set apart the clause from .the other parts of the sentence, and that it was not intended to be qualified or modified by the following phrase.

As we have already said, we well know that the principles of statutory construction do not permit us to resort to the rules of grammar in an effort to override the plain meaning of an unambiguous law, and that, even if it is necessary to overlook or change punctuation, or even a word, to give to a statute the meaning manifestly intended, this may be done. State v. Desforges, 47 La. Ann.

1203, 17 So. 811; State et al. v. Dudley, 159 La. 872, 106 So. 364; Black v. Louisiana Central Lumber Co., 161 La. 889, 109 So. 538; State v. Rogers, 148 La. 653, 87 So. 504; Crowley v. Police Jury, 138 La. 488, 70 So. 487. But we find ample authority for resorting to the rules of punctuation where the statute is ambiguous and where the meaning which flows from following the punctuation placed in the act by the Legislature is at least as reasonable as the other. In such case we believe that the punctuation should be followed.

We therefore feel that, following the punctuation as inserted by the Legislature, we arrive at a reasonable meaning of the pertinent part of the statute in question without distorting the words.

Returning now to the three possible interpretations, and taking them up in the order in which we have stated them, we find that the language of the act cannot be interpreted as meaning that the appellant shall be allowed. ten days within which to take the appeal, and that the trial judge shall have the right to fix the return day within ten days, because it is our opinion that the language, "within ten days, exclusive of Sundays, from the rendition of the judgment," refers back only to the clause, "appeals shall be allowed," and, therefore, does not relate to the time within which the judge has the right to fix the return day.

For the same reason we conclude that the original opinion of this court is erroneous, the ten-day period relating solely to the right to apply for the appeal and not to the return day.

█ In keeping with the spirit and stated purpose of the Legislature and the constitutional convention on this subject, as well as the former decisions of this court that, where the statute was not clear and definite, the court would construe the language of it with reference to the articles of the Code of Practice, or other statutes on the subject-matter governing the practice in the civil district court, we, therefore, hold that the sentence in question means that appeals shall be allowed within ten days, exclusive of Sundays, from the rendition of the judgment, and be returnable to the Court of Appeal, the trial judge having the right to fix the return day in the order granting the appeal, as provided in Act No. 22 of 1914, i. e., not less than fifteen, nor more than thirty, days.

Our attention has been called to the cases of Louque v. Hercules Oil Co., Inc., 165 La. 143, 115 So. 416, and Naef v. Miller-Goll Mfg. Co., 174 La. 232, 140 So. 32, where the Supreme Court held that section 4 of Act No. 159 of 1898 was clearly mandatory in requiring a party appealing from an order appointing, or refusing to appoint, a re-

ceiver, and granting, or refusing to grant, an injunction in connection with the matter, to apply for the appeal and to perfect the appeal within ten days from the date of such order. The relevant part of that section is as follows: "Provided that such appeal must be taken and perfected within ten days from the entry of the order appointing or refusing to appoint a receiver, or granting or refusing to grant an injunction. Such appeal shall be returnable in ten days from the date of such order, and shall be tried by preference in the Appellate Court."

It is said that the above language, providing that appeals from orders appointing or refusing to appoint a receiver, or granting or refusing to grant an injunction, "shall be returnable in ten days from the date of such order," is identical with the language which we are now considering, and that, since, in Louque v. Hercules Oil Co., Inc., and Naef v. Miller-Goll Mfg. Co., supra, our Supreme Court has interpreted such language, we must here follow that interpretation.

We do not believe that the language of the one statute is identical with that of the other. In the act of 1898 there is only one main thought expressed, and the qualifying phrase, "in ten days," which, we note in passing, is not blocked off by commas, can modify one and only one part of the sentence, and that part is "shall be returnable." If in the act of 1898 it had been provided that "such appeals shall be allowed, and be returnable to the Supreme Court, in ten days," etc., then the same language as we are here considering would be involved.

It so happens that in the act of 1898 in the sentence which we have quoted appears the following: "Such appeal must be taken and perfected within ten days," etc. We call attention to the fact that there are no commas separating the second clause, "and perfected," from the other parts of the sentence. We cite this merely to show that, where there are two clauses connected by the conjunction "and" and qualified by the same phrase "within ten days," no necessity exists for the insertion of commas before and after the second clause, unless it is intended to employ the said commas as parentheses to block off the second clause.

Therefore, both of those cases are easily distinguishable on the ground that the language used by the Legislature is too clear to admit of any argument.

Since the time allowed by the trial judge for the filing of the transcript did not exceed the time permitted by law, and since the record was actually filed within the time fixed, the second contention of appellee is untenable.

For the reasons assigned our original decree is recalled and annulled, and it is now ordered, adjudged, and decreed that the motion to dismiss the appeal be, and the same hereby is, denied.

Original decree recalled; motion to dismiss denied.

WESTERFIELD, J. (dissenting).

My associates believe that the mandatory provision of the act of 1921 to the effect that appeals shall be allowed and be returnable to the Court of Appeal within ten days means that only one of the two requirements must be met within that period, to wit, the appeal allowed, and that the other requirement with reference to the perfection of the appeal was inserted merely for the purpose of indicating to what court the appeal should be returnable. I cannot agree with this construction of the act. In the first place, as was said in the original opinion, the language itself is too clear to admit of interpretation, and, in the second place, to attribute a purpose of this character to the Legislature, when there is in the Constitution at least two references to the fact that appeals from the city court are returnable to the Court of Appeal, is to convict the Legislature of unnecessary and ineffective repetition. Nor do I find anything harsh in the requirement that appeals be perfected in ten days, certainly not as exacting as in the case of receivership proceedings where a similar period of time is allowed. Moreover, in all cases where an extension of time is necessary, it is freely granted by this court or other appellate courts.

Moreover, the admitted purpose of the act of 1921 was to accelerate the trial and disposition of cases in the First city court.

I cannot distinguish in principle the present case from the cases of Louque v. Hercules Oil Co., Inc., 165 La. 143, 115 So. 416, and Naef v. Miller-Goll Manufacturing Company, 174 La. 232, 140 So. 32. The language of the act considered in these cases while differing in some respects is sufficiently similar to bring the present case within the doctrine there announced.

For these reasons and those expressed in the original opinion I respectfully dissent.