The appellee moves to dismiss this appeal upon the ground that the motion of appeal was not taken in time. It appears that the judgment below was signed on the 27th day of August, 1941, and the motion for a suspensive and devolutive appeal was not filed until September 9, 1941.
Act No. 219 of 1932 declares that an appeal from the City Courts of New Orleans "shall be allowed within ten days, exclusive of Sundays, from the signing of the judgment, * * *".
Exclusive of the day on which the judgment was signed, thirteen calendar days elapsed before the motion for appeal was filed. Two Sundays intervened which are not counted, so that the last day on which the appeal might properly have been taken was the twelfth calendar day or September 8, 1941. Christmon v. Hawkins, La.App., 171 So. 621; Baptiste v. Life Insurance Company of Virginia, La.App., 196 So. 575. The fact that a legal holiday, Labor Day, also intervened is of no consequence. Kelly, Weber Co., Inc. v. F.D. Harvey Co., Inc., et al., 178 La. 266, 151 So. 201; Madison Lumber Co. v. Alson, 12 La.App. 428, 126 So. 242; Wm. H. Hendren v. Crescent City Seltzer Mineral Water Co., Inc., 1 La.App. 25; Leopold v. Schmidt, Jr., No. 9256 of the docket of this Court. See Louisiana and Southern District Digest.
The motion to dismiss the appeal will be sustained and the appeal dismissed.
Motion to dismiss sustained.