## ARGUED AND DETERMINED IN THE

# SUPREME COURT

### OF THE

# STATE OF LOUISIANA.

EASTERN DISTRICT—FEBRUARY TERM, 1830.

*HARTY & AL. vs. HARTY & AL.*

A decree of a court of probates may be annulled, by it.

A parent, may demand the adjudication of any property, held in common with his children.

8ns518
f52 1196

| 8NS | 518 |
| 124 | 230 |
| 124 | 234 |

APPEAL from the court of probates of the city and parish of New-Orleans.

MATHEWS, J. delivered the opinion of the court. This suit is brought by the heirs of Simon Harty for the purpose of obtaining a decree to annul a judgment of adjudication of certain property, (described in the petition,) which was made to their mother, as being common between her and them at the decease of their father, and to háve said property partitioned off. Sinnott was made a defendant, and damages are claimed against him and Mrs. Harty *in solido* on account of alleged misconduct by them in their respective capacities of curatrix and tutrix, and under tutor and curator *ad lites*. They separated in

their answers—the widow pleaded a general denial—and Sinnott to the jurisdiction of the court. The plea of the latter was sustained, and the suit as to him was dismissed. He afterwards prayed leave to intervene, alleging that his interest might be affected by the final decision of the cause, and that he believed it was proceeding collusively between the plaintiffs and their mother. He obtained the privilege of intervening, and after judgment in favor of the plaintiffs, took this appeal.

The objections to the correctness of the judgment rendered by the court, below, may be reduced to two: 1, Want of jurisdiction in that court *ratione materiæ*. 2, Complete legality in all the proceedings by which the property now in dispute was adjudicated to the defendant Mrs. Harty.

To prove that the probate court is without jurisdiction in actions brought to rescind and annul judgments, we are referred to the provisions of the code of practice on this subject. The art. of 924, of the 3d title, enumerates the cases in which courts of probate have exclusive power: and the following art. limits that jurisdiction to these cases, or those

HARTY & AL.
*vs.*
HARTY & AL.

mentioned in the remaining part of this title. It is believed that authority to take cognizance of suits in which the nullity or recission of judgments is demanded, is not expressly given in any part of the title of the code of practice which treats exclusively of probate courts and of their jurisdiction. It is confined to cases relating to successions, whether administered by testamentory executors, tutors or curators, and the estates of persons intestate, &c.

The adjudication of which the plaintiffs complain in the present suit, was clearly within the province of the court of probates; and the question now is, whether its power extends to the revision of that judgment by means of an action to annul or rescind it. Although the code of practice makes a distinction between the nullity and recission of judgments, and establishes rules somewhat different in relation to each; yet they are so identical in their effects, that they may properly be considered together in a legal discussion. According to the art. 608, the nullity of a judgment may be demanded from the same, &c. By the art. 616, the action for rescinding a judgment *must be* pursued by pre-

senting a petition to the court by which such judgment was rendered. The art. immediately preceding, allows to minors four years after they have arrived to the age of majority to bring this kind of action. The present suit was commenced within the time prescribed by law, and in our opinion before the proper tribunal. The court below had jurisdiction of the case in its origin, as relating to a succession, and this jurisdiction is extended by the art. 616 above cited, to a revision of its former judgment.

In investigating the second ground of opposition to the judgment from which the present appeal is taken, we must first look into the right of the defendant, Mrs. Harty, to cause the property of her husband's estate to be adjudicated to her as being held in common between her and his heirs: and secondly, the legality of the proceedings by which the adjudication was effected, must be examined. The right of a surviving parent, (either father or mother,) to cause property held in common with his or her minor children, to be adjudicated to the former, depends mainly on a proper construction of the act of the legislature, passed in 1809, relative to minors. By

Eastern District
*February*, 1830.

HARTY & AL.
*vs.*
HARTY & AL.

the 2d section of that act it is declared that, "When the legitimate father or mother of a minor has an estate in common with said minor, said father or mother may cause either the whole or part of said estate to be adjudicated to him or her, by the judge, according to the estimated value of the inventory, provided this estimation has been made by appraisers duly sworn; and provided, likewise, said adjudication be deemed convenient to the interest of the minor, by the assembly of the family; and provided moreover the same has been assented to by the under tutor.

The adjudication which the plaintiffs require to be annulled, was made of property which belonged to their father exclusively, and formed no part of the community of acquets and gains at the time of his decease. He, however, willed a certain portion of it (by a testament made in due form,) to his wife, and she subsequently inherited another part by the death of some of her children, previous to the adjudication which is now attacked. From these facts a question is raised, whether she held the property which was adjudicated as an estate, in common with her children who were then minors, according to

the intent and meaning of the act. The counsel for the appellees contend that the privilege granted by this law to a surviving father or mother, must be restricted to the community of acquets and gains; and cannot legally be extended to property common to the parent and chilren, under any other title. Whatever may have been the intention of the legislature, it is clear that the act itself makes no distinction with regard to right or title by which an estate may be thus held in common. If the provisions of the law be wise in relation to a community of gains made by partners in the marriage state, it is difficult to perceive their want of wisdom, with respect to any other community of property similarly situated. We therefore conclude that the adjudication to Mrs. Harty was made of part of an estate, subjected by law to that mode of transfer. It now remains to ascertain whether this transfer or alienation was made in pursuance of the requisite formalities. These are prescribed by the provisos of the act above cited. 1st, The property to be estimated by appraisers duly sworn. 2d, The adjudication must be declared convenient to the interest of the minors, by a family

HARTY & AL·
*vs.*
HARTY & AL.

meeting.    3d, It must be assented to by the under tutor.

The plaintiffs contend that none of these formalities have been legally fulfilled.  Their father made a will and appointed executors, whom he authorised to make an inventory of his estate, without the intervention of justice. in pursuance of this authority they proceeded to have the property inventoried and appraised, without being assisted by the parish judge, or a notary, duly authorised: but the appraisers verified their estimation by an oath, subsequent to the completion of the inventory, and these proceedings were approved and registered by order of the court of probates.   We are therefore of opinion that the estate of the testator was legally inventoried and appraised by appraisers duly sworn, and that consequently, the first formality required by law, to give validity to the adjudication, has been complied with.  A family meeting took place, (in pursuance of an order from the court of probates to that effect,) in presence of a justice of the peace, who made a *process verbal* of their deliberations and final declaration, that the proposed adjudication would be convenient to the inte-

rest of the minors, which received the approbation of a curator *ad litem*, of those who were above the age of puberty, and under tutor of one who was under that age.

In these respects the proceedings seem to have been correct; but the members of the assembly were not sworn.

It is true that neither the civil code nor the act of 1809 requires this solemnity; but it is ordered by an act of the legislature, passed in 1811—*see* 3, *Martin's Digest, p.* 182. This law declares that the property of minors shall be kept unsold, unless the tutor, with the consent of the under guardian, and of at least five of the nearest relations of the minor, or of an equal number of friends, if there be no relations, duly sworn to declare the truth, the whole truth and nothing but the truth, that it is for the interest of the minor that said property or part thereof be sold. Since this act has been in force, it is clear that the decisions of family meetings, in relation to the sale of the property of minors, must be made under the solemnity of an oath, so far as they respect ordinary sales, and that without it such sales might be avoided by the minors, if their recission should be

demanded within the time prescribed by law.

It may, however, be questioned, whether the same formality is required, to give validity to the special and extraordinary mode of alienation and transfer of property held in common between minors and their surviving father or mother by an adjudication, according to the estimated value in the inventory.

This is a privilege granted to the parent, in derogation to general rules, established for the protection of those, who, from want of age and experience, are supposed to be incapable of guarding their own interest; and ought to be restricted within the precise limits of the provisions under which it is awarded. The alienation allowed by it, has all the principal features of a sale—parties property and power. The incapacity of the minor to consent, is supplied by that of his relations or friends, and his under tutor. The law of 1811 requires that the consent on the part of the relations or friends should be given under the sanction of an oath; under the rule of interpretation, that special provisions of law are not abrogated by those which are general.

We are of opinion that this rule is not applicable to the present case. The last law requires the property of minors to be kept unsold, if a sale be not authorised by a family meeting acting under oath; and we have already seen that an adjudication made to a surviving father or mother, is a sale. The oath prescribed is an additional formality, and if not attended to in the deliberations of assemblies of relations or friends, relative to the sales of the property of minors; such decisions must be considered as null and without effect·

The record affords no evidence that the friends of the plaintiffs who met to consider of the propriety and convenience to the interest of the latter, (then minors,) that their property should be adjudicated to their mother, were sworn as required by law: and it is believed that the presumption (which is sometimes applied to the proceedings of public officers,) of every thing having been rightly done, does not supply the want of this evidence, as such assemblies should rather be considered to be acting in a private capacity. The neglect to comply with this formality, is fatal to the adjudication.

In relation to the objections made to the claim of Arthemise Harty, one of the plaintiffs, as having by her acts, since she became of age, ratified the adjudication; we are of opinion that they will be more properly taken into consideration in the proceedings to be had in the partition decreed by the court below.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates be affirmed, with costs, reserving to the appellant any rights or claims which he may have, on that portion of the property to be partitioned, which may fall to the share of Arthemise Harty, should it be made appear that she has ratified the adjudication to her mother.