## ARMSTEAD G. RHODES et al. *v.* S. SCHOLFIELD et al.

<div align="right">| 6   251 |<br>|109 1004|</div>

Where two plaintiffs join in a suit and recover judgments in favor of each for less than three hundred dollars, but both judgments united exceeding three hundred dollars, the Supreme Court has jurisdiction of an appeal taken by the defendant.

Where a judge holding a special court adjourned his court to the first day of the next regular term of the court, the time intervening between the adjournment and the next term is not considered as constituting judicial days, and a motion may be made for a new trial at the next term, provided three judicial days shall not have elapsed since the rendition of the judgment.

Where the heirs or representatives of a deceased person pursue a suit which had been commenced by the deceased, it is considered rather as a new suit than as an amendment, and should be done by petition and citation, and an issue made upon the new pleadings before proceeding to trial.

The silence of a party who happens to be in court during the absence of his counsel, will not be considered as implying the consent of the party to the proceedings, which may be carried on in his suit.

APPEAL from the District Court of East Baton Rouge, *Duffel,* J. *A. M. Dunn* and *Herron,* for plaintiffs. *T. G. Morgan,* for defendants. The judgment of the court was pronounced by

RHODES
v.
SCHOLFIELD.

PRESTON, J.   The sheriff of East Baton Rouge was about to sell under execution a number of horses, a stock of cattle, sheep and hogs, also a barouche, wagon and other personal property, which he had seized to satisfy a judgment obtained by *Samuel Scholfield*, attorney of *V. Dalton* against *Theodore Rhodes*, *Sarah Rhodes*, and *Elihu Hooper*.

The plaintiffs brought suit against the defendants, each alleging that part of the property belonged to him, and claiming the value of their respective portions of it from the sheriff if he should sell it, being unable to give security to enjoin the sale.   They fixed the value of their respective portions at two hundred and fifty dollars.

The sheriff proceeded to sell the property, and in answer to the suit, he and the plaintiff in the execution denied that the property belonged to the plaintiffs, alleging that it belonged to *Theodore Rhodes*, one of the defendants in the execution, and that he had made fraudulent sales of it to the plaintiffs, to protect it from the execution.

The cause was regularly assigned and fixed for trial, but was tried in the absence of the defendants' counsel.   Judgment was rendered against the sheriff for the amounts claimed, and was signed the same day.

A suggestion of the death of one of the plaintiffs was made on the day of the trial, and his heirs were made parties to the suit.   It is to be observed that *Sarah Rhodes*, one of the defendants in the execution, was an heir of the deceased plaintiff, and with other heirs was made a plaintiff in the suit.

The sheriff applied for a new trial on the ground that new parties had been made on the day of the trial, and that the judgment was prematurely signed. The new trial was refused; he took a bill of exceptions setting forth the facts of the case, and has appealed.

The plaintiffs have moved to dismiss the appeal on the ground that there are two distinct judgments, each for two hundred and fifty dollars, over neither of which this court has jurisdiction.   The defendant, however, has been condemned in one suit to pay five hundred dollars, which gives this court appellate jurisdiction.

It is said that the motion for a new trial was made three months after the judgment had been rendered and signed, and before a court that had no jurisdiction of the case.

The judgment was rendered by a judge of an adjoining district, holding a special court for the trial of cases in which the judge of the district was recused.   He adjourned the special court he was holding, not *sine die*, but to the second Monday in October, 1850.   There was nothing illegal in this.   It was a matter within his discretion, which we are bound to believe he reasonably exercised, perhaps with a due regard to the business of his own district.

On the day to which the special court was adjourned, and within less than three judicial days after the rendition of the judgment, the defendant applied for a new trial, and the judge received and considered the application notwithstanding the judgment had been signed.   He thus repaired the error of signing the judgment prematurely, and we have only to enquire whether the new trial should have been granted or not.

The late Supreme Court, in the case of *Liquet's Heirs* v. *Pierce*, settled the practice in a similar case as follows:   "When heirs or representatives of a deceased suitor pursues an action already commenced by their ancestor, by reviving the judicial process, it may be considered rather in the nature of a new suit than an amendment to the pleadings in that previously commenced.   The

article 419 of the Code of Practice, relates solely to amendments which may be permitted after issue joined.

"If the supplemental petition be viewed rather as a revival of the action (and in this manner we think it must be viewed,) than an amendment to the pleadings, the defendant, before he could be properly ruled to trial, ought to have been notified of the revival, either by service of the new petition and citation, or by direct and positive notice to the counsel, (if such would suffice,) in order to answer and plead *de novo* in such manner as the case might require." 15 L. R. 361.

A supplemental petition should, therefore, have been filed in this case, and the defendants should have answered it before trial, to form a proper issue.

There is no doubt, that by consent appearing upon the record, new parties may be made by motion, and that in so consenting the opposite party might, in the case of heirs or representatives, acknowledge their capacity and waive an answer, but no such consent appears in this case.

It is said the defendant *Morris* was sheriff, and was in court when the new parties were made, and that his consent to make the parties and waive an answer must be presumed from his silence. It does not appear by the record that he was in court; and if he was, although silence may give consent in some matters, it does not, necessarily, in matters of litigation. Having employed counsel to defend him, it is more reasonable to presume, that if the sheriff was present, he remained silent, lest his unadvised action might compromit his rights.

It is not a sufficient reason against reversing the judgment, as contended, that the evidence makes out the plaintiffs' case. A very different case might have been presented, if the cause had on the trial been properly at issue, and defended by counsel. Indeed this case presents a striking example of the propriety of the practice established by the late Supreme Court. One of the heirs made a plaintiff was a defendant in the execution, and actually recovers the value of property seized and sold to pay her debts.

The delay which a reversal of the judgment, on what may turn out to be but form, occasions it to be regretted; but it has been caused by the heirs themselves in not promptly and properly becoming parties to the suit of the deceased and forcing an issue by citation and answer, or by judgment by default.

The judgment of the district court is reversed, a new trial granted, and the cause remanded; and the appellees are condemned to pay the costs of the appeal.