RIVERSIDE TRANSFER CO., INC., v. SERVICE DRAYAGE CO., INC.

(June 8, 1931. Opinion and Decree.)

John E. Jackson and Baldwin J. Allen, of New Orleans, attorneys for plaintiff, appellant.

Milner & Porteous and W. A. Porteous, Jr., of New Orleans, attorneys for defendant, appellee.

## ON MOTION TO DISMISS

HIGGINS, J. The motion to dismiss the appeal in this case is based upon the ground that the appeal was returnable on December 10, 1930, extended on motion to December 20, 1930, and the transcript filed

in this court on December 22, 1930, and, therefore, too late.

In the return of the appellant to the rule to dismiss it is averred that the record was lodged in this court on Saturday, December 20, 1930, by the clerk of the First City Court, as appears from the affidavit of one of his deputies, which is annexed to the return; and further that the said date, having fallen on a Saturday, which is not a legal day, the following day being a Sunday, the appellant had until the next day, Monday, December 22, to file the transcript of appeal.

Taking up these points in the above order, it is our opinion that we must be guided by the records of the clerk of this court as to the time of the filing of the transcript here and not by an affidavit or statement of the clerk of the First City Court, or of any third party. If the clerk of this court, through carelessness or negligence, should make an error and insist that his records are correct, the recourse of the party complaining would be to seek to hold the clerk and his bondsman liable for any injury in a separate proceeding.

Counsel for the appellant says that Saturday is a "dies non," but has failed to refer us to any authority so holding. It has uniformly been the practice here that where the return date falls on Saturday, the transcript is lodged that day, unless the days of grace or an extension of time carry the return day to another day. In short, Saturday is a legal day and is counted. It is only where the last day falls on a legal holiday that the transcript may be filed on the following day, but no allowance is made for intervening holidays.

For the reasons assigned the motion to dismiss the appeal is sustained and the appeal ordered dismissed.

JANVIER, J., takes no part.