## AUTO PAINTING & REPAIRING CO. v. WARE.

### No. 14806.

Court of Appeal of Louisiana. Orleans.

Jan. 2, 1934.

See, also (La. App.) 151 So. 208.

Maurice B. Gatlin, of New Orleans, for appellant.

Ed. J. deVerges, of New Orleans, for appellee.

JANVIER, Judge.

This matter comes before us on motion to dismiss appeals, devolutive and suspensive, taken from a judgment rejecting an application for the relief provided by article 652 of the Code of Practice for "a reduction of excessive seizure."

The dismissal of the appeal is asked on three grounds:

(1) That the appeal was attempted to be taken after the time for appealing had expired.

(2) That the judgment refusing to grant an application for a reduction of excessive seizure is not a final judgment, and that it does not do irreparable injury, and that, consequently, no appeal lies therefrom.

(3) That the property seized has been released to the judgment debtor on a forthcoming bond, and that, therefore, even if the judgment, as rendered, might, if erroneous, have worked irreparable injury, the release under bond of the seized property has placed it back in the possession of the debtor, and that, consequently, there can no longer be irreparable injury.

Miss Ware is the appellant. A judgment for $262 was rendered against her in favor of Auto Painting & Repairing Company, Inc. In an effort to collect the amount of the judgment, plaintiff caused a writ of fieri facias to issue. Under this writ certain movable property was seized as belonging to Miss Ware.

Certain other persons, by affidavits, successively claimed ownership of the property seized, but in each instance the claim of ownership either was withdrawn by the claimant, or was rejected by the court below, with the final result that Miss Ware was held to be the actual owner of the property. Thereupon she, relying upon article 652 of the Code of Practice, and alleging that there had been seized "more property than could reasonably be thought necessary to discharge the judgment and costs," made application for an appraisement of the seized property and for the release of all except a sufficient amount to make certain of the discharge of the judgment debt.

The appraisement was made, and, though it showed the property seized to be worth considerably more than the amount due under the judgment, the judge, a quo, on November 16, 1933, rendered an order refusing to release from the seizure any of the said property, giving as his reason his doubt that the sale, even of all of the property, would produce sufficient proceeds to discharge the judgment in full.

That order or judgment was signed on the same day on which it was rendered, to wit, November 16, 1933.

Miss Ware thereupon applied to the Su-

preme Court for alternative writs of certiorari, mandamus, and prohibition, but her application was refused by that court with the statement that "relator's remedy, if any, is by appeal to the proper court."

On November 29, 1933, after her application for alternative writs had been rejected by the Supreme Court, Miss Ware obtained an order for devolutive and suspensive appeals to this court.

The transcript has now been lodged with us, and it is those appeals which we are now asked to dismiss.

■ The case is one of which the city court of New Orleans is given jurisdiction under section 91 of article 7 of the Constitution of 1921. The contention that the appeal was taken too late is based on the fact that the judgment appealed from was rendered and signed on the same day, November 16, 1933, and that the order of appeal was granted on November 29, 1933, or more than ten days, exclusive of Sundays, after the judgment was rendered. For many years there has existed confusion regarding the method to be adopted in determining the final day for the taking of an appeal. There have been decisions which, if they were now controlling, would compel us to adopt the view that an appeal taken on the eleventh day, exclusive of Sundays, is not too late. But the question was definitely settled by the Supreme Court in Kelly, Weber & Co., Inc., v. F. D. Harvey & Co., Inc., 151 So. 201, decided October 30, 1933, in which the judgment appealed from became final on May 31st and in which the order of appeal was granted on June 13th. Between those dates there were two Sundays, just as there were during the period with which we are now concerned. Counting June 1st as the first day of the ten, and eliminating from the count the two intervening Sundays, the Supreme Court found that the appeal had been taken on the eleventh day, just as we find it was taken here, and the court therefore held that it had been taken too late to stay execution. If Act No. 128 of 1921 were still in effect, then we would be forced to the conclusion that the appeal here sought had been taken too late, because under that statute judgments rendered in cases such as this were permitted to be signed on the same day on which they were rendered, and because under that statute and under the jurisprudence based thereon the ten days within which appeals might be taken from such judgments commenced to run from the rendition of the judgment. Estate of Sassinot v. Demourelle, 1 La. App. 160; Del Tyler v. Ingraham, 9 La. App. 366, 119 So. 439; Valley Securities Co. v. Levy, 15 La. App. 639, 132 So. 795. But that is no longer the case, because in 1932, by Act No. 219, the Legislature provided that in such cases "judgments shall be signed on the fourth day after rendition," and also that "ap-

peals shall be allowed within ten days, exclusive of Sundays, from the signing of the judgment. * * *" It is elementary that if, by law, judgments may not be signed before the expiration of a certain fixed period, courts are without power to sign judgments before that period has expired. The signing of a judgment sooner than is permitted by law is premature and cannot have the effect of destroying the rights of a defeated litigant to take an appeal. The following cases, though not based on questions identical, show clearly that the premature signing of judgments cannot affect the rights of litigants. State ex rel. Allen v. Judge, 35 La. Ann. 1104; Gardere et al. v. Murray, 5 Mart. (N. S.) 244; Fretz et al. v. Carlile et al., 4 La. Ann. 561; Rhodes et al. v. Scholfield et al., 6 La. Ann. 251; McWillie v. Perkins, 20 La. Ann. 168; Succession of Carraby, 23 La. Ann. 110.

We therefore conclude that the appeals were applied for within the time prescribed by the statute, and that they cannot be dismissed as coming too late.

■ We next consider the contention that the judgment appealed from is not final and works no irreparable injury.

We notice that the framers of the Code of Practice deemed the right to apply for a reduction of seizure as sufficiently important to require that they insert in that Code several articles giving to the judgment debtor the right to make application for such reduction and providing a method to be followed in seeking such relief. The fact that the framers of the Code considered such relief necessary, and a consideration of the results which would follow if no such relief had been afforded, lead us to the conclusion that, if the relief is denied, an irreparable injury may be sustained by the judgment debtor where more property than is necessary has been seized. If such a seizure is proceeded with to final conclusion, and all of the property seized is sold, although it may bring considerably more than the amount due under the judgment, nevertheless the judgment debtor cannot in any way set aside the sale, or any part thereof, and receive back any part of his property, however valuable it may be to him and however much he may prefer to have his property rather than the excess proceeds of the sale. In other words, the sale, once made, becomes irrevocable, and the damage caused to the judgment debtor, if more property than necessary is sold, is an irreparable damage because he can never be placed in the position in which he would have been had his application for a reduction of seizure been granted.

■ The third ground on which we are asked to deny appellant the right of appeal is that, because she has bonded her property and obtained the temporary release thereof by means of bond, she has obviated the possi-

bility of irreparable injury. This argument overlooks the fact that the primary obligation of a forthcoming bond, such as was furnished here, is to restore the property in kind, so that the release to appellant is purely temporary and she will be required, when called upon to do so, to return the property into the hands of the constable. Nor does the fact that there is an alternative obligation— i. e., to pay the judgment—alter the situation, because, although the judgment debtor may be able to furnish bond for the temporary release of the property seized, it is entirely possible that such judgment debtor may not be able to produce sufficient funds to actually pay the judgment, and, if the judgment cannot be paid, then the seizure must be proceeded with after the property has been restored to the seizing officer.

If the argument, then, is sound that because the judgment debtor, who has furnished a forthcoming bond, may retain possession of the property released under the bond by paying the judgment, and that, therefore, no irreparable injury can be sustained, where property has been released under bond, then the right given to a judgment debtor to bond such a seizure, if taken advantage of, necessarily destroys the right given to a judgment debtor under article 652 of the Code of Practice to seek a reduction of assessment. We feel that, if Miss Ware is correct in her contention, and more property than is necessary has been seized, she will sustain an irreparable injury, if denied the right of appeal.

The motion to dismiss the appeal is overruled.