### CHRISTMON v. HAWKINS.

### No. 16486.

Court of Appeal of Louisiana. Orleans.
Jan. 11, 1937.

George S. Graham, of New Orleans, for appellant.

J. G. Dempsey, of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff-appellant has taken a devolutive appeal from an adverse judgment rendered by the First city court of New Orleans on May 19, 1936. The judgment

was signed on May 23, 1936, and the appeal was not applied for until June 5, 1936.

The defendant-appellee moves to dismiss the appeal on the ground that appellant has failed to apply for the same within ten days, exclusive of Sundays, from the date on which the judgment was signed.

Act No. 219 of 1932, § 1, governing appeals from the First city court of New Orleans, provides in part: "* * * that judgments shall be signed on the fourth day after rendition, Sundays and holidays excluded, and that there shall be no right to trial by jury in such cases before said City Courts. Appeals shall be allowed *within ten days, exclusive of Sundays, from the signing of the judgment.*" (Italics ours.)

Applying the provisions of the foregoing statute to the facts of the case at bar, it will be observed that the judgment herein was rendered on May 19, 1936, and signed on the fourth day after rendition, viz., May 23, 1936, there being neither Sundays nor holidays intervening during the period elapsing from date of rendition to the date when the judgment was signed. Therefore, appellant had ten days after May 23, 1936, to apply for an appeal. The appeal was not taken until June 5, 1936. The time in which the appeal could be taken would ordinarily start to run on May 24, 1936, but May 24th, being a Sunday was therefore excluded. Hence the time for appellant to take his appeal began to elapse on the following day, May 25, 1936. Counting from May 25, 1936, to June 5, 1936, it appears that eleven clear days passed without appellant taking action. There must be excluded from this calculation May 31, 1936, which was a Sunday. By so doing, it will be readily seen that it was only after the expiration of ten full days that appellant filed his motion of appeal.

It is now well settled by the Supreme Court that in computing the time within which a party is allowed an appeal, the last or terminal day is counted, and where ten days, exclusive of Sundays, have intervened, between the date of the signing of the judgment and the date when the appeal is applied for, the appeal is not timely. See Kelly, Weber & Co. v. F. D. Harvey & Co., 178 La. 266, 151 So. 201.

In the above-cited case, the court reviews at length all of the prior juris-

prudence of the state respecting the time in which appeals may be granted and specifically overrules two cases decided by this court, viz., Hendren v. Crescent City Seltzer & Mineral Water Co., Inc., 1 La. App. 25, and Madison Lumber Co. v. Alson, 12 La.App. 428, 126 So. 242, wherein it had been held that in computing the ten-day period respecting appeals from the city court, the last or terminal day is not to be counted.

The statute allowing appeals from the First city court, above quoted, is clear and unambiguous. Unless the appeal is taken within ten days from the date on which the judgment is signed, it comes too late. This view has been not only definitely settled by the Supreme Court in the Kelly, Weber Case, supra, but has been followed by us in Auto Painting & Repairing Co. v. Ware, 152 So. 113.

In the instant case, inasmuch as appellant did not file his motion for appeal until June 5, 1936, but allowed ten days, exclusive of Sundays, to elapse from the date the judgment was signed, without taking action, he is held to have abandoned his right, and we are without jurisdiction to grant him relief.

The motion to dismiss the appeal is therefore sustained, and it is hereby dismissed.

Appeal dismissed.