**FRANK v. CURRIE.** *

No. 16226.

Court of Appeal of Louisiana. Orleans.

Feb. 23, 1937.

*Rehearing denied March 22, 1937. Certiorari denied April 26, 1937.

Spencer, Gidiere, Phelps & Dunbar and Sumter D. Marks, Jr., all of New Orleans, for appellant.

C. E. Loeb and Harold J. Rayl, both of New Orleans, for appellee.

McCALEB, Judge.

Plaintiff, Joseph Frank, filed suit in the First city court of New Orleans on an open account against the defendant, Mrs. T. K. Currie, on July 24, 1933, for recovery of the sum of $71.82. Mrs. Currie was served with citation on July 28, 1933. She did not file an answer to the petition, and a default judgment was taken against her on August 2, 1933.

Long after the judgment became final, on October 31, 1934, Mrs. Currie filed the present proceedings against Frank, claiming that the default judgment of August 2, 1933, is null and void for the reasons that: (1) Only two days elapsed, exclusive of Sundays and holidays, between the date of service of the citation and the date of the default judgment; that, under the law, she was entitled to three full days, after the date of service of citation, before a default judgment could be taken against her; and (2) that said judgment was obtained through the fraud and ill practice of said Frank, in that the debt sued upon was a community debt for which her husband, T. K. Currie, was responsible, all of which was at all times well known to said Frank.

In due course, Frank excepted to her petition to annul the judgment, on the ground that the same did not disclose a cause of action and he also filed a plea of the prescription of one year.

The exception of no cause of action was maintained by the trial court and Mrs. Currie's suit accordingly dismissed. From the judgment of dismissal she has prosecuted this appeal.

Due to the importance of the questions of law herein presented, the case, although involving less than $100, has been referred to the court en banc for determination.

We first consider the question as to whether the judgment by default against Mrs. Currie was taken prematurely. Article 1082 of the Code of Practice, relating to procedure before the justices of the peace, which applies to the city courts of New Orleans in cases involving less than $100, provides:

"The defendant thus cited shall only be obliged to appear and answer to the action the third day after the day of service of the citation, if he reside or happens to be in the city or precincts of New Orleans, or within ten days after such service, in other parts of the State."

Frank's petition and citation was served on Mrs. Currie on Friday, July 28, 1933. Therefore, she had three days, after that day, within which to file her answer. July 29th was a Saturday and July 30th was a Sunday. July 31st was a Monday, and August 1st a Tuesday. The judgment was taken on Wednesday, August 2d. Her counsel contend that July 29th, being a Saturday, is a half holiday under the law and is not to be counted in computing the delay within which to file an answer. They assert that likewise Sunday, July 30th, being a dies non, is excluded, and that therefore only two days, Monday, July 31st, and Tuesday, August 1st, intervened between the service of citation and the taking of the default judgment on Wednesday, August 2d; whereas the article of the Code of Practice requires that three days elapse between the date of service of citation and the date the default judgment is entered.

We have recently decided on January 11, 1937, in Christmon v. Hawkins, 171 So. 621, following the Supreme Court decision of Kelly, Weber & Co. v. F. D. Harvey & Co., 178 La. 266, 151 So. 201, that, where a statute allowed an appeal to be taken within ten days, exclusive of Sundays, holidays were included in computing the time within which the appeal could be taken. Counsel for Mrs. Currie admit that this interpretation of the law is correct where the procedural delay is of sufficient length of time as to necessarily include a Sunday or a holiday, but they argue that, where the delay accorded by statute for performing a legal act is for a shorter period, which may not, as a matter of course, include a Sunday, holiday, or half holiday, then, under those circumstances, Sundays, holidays, and half holidays are not to be counted in reckoning the time permitted for the performance of the act. The cases

of State ex rel. State Pharmaceutical Association v. Michel, 52 La.Ann. 936, 27 So. 565, 49 L.R.A. 218, 78 Am.St.Rep. 364; Fellman v. Mercantile Fire & Marine Insurance Company, 116 La. 723, 41 So. 49; and Johnson v. Murphy, 124 La. 143, 49 So. 1007, 1008, are cited as sustaining the proposition.

In Johnson v. Murphy, supra, the question involved was whether Sunday is numbered in calculating the three days' delay allowed by article 1082 of the Code of Practice to the defendant for answering in the city court, and the court, in holding that Sunday was to be excluded, quoting with approval from the case of State ex rel. State Pharmaceutical Ass'n v. Michel, supra, said:

" 'When the time stipulated is such that it does not necessarily include Sunday, Sunday is excluded from the computation, without express mention of the fact; when the time stipulated must necessarily include Sunday, to exclude that day, there must be an express declaration to that effect.' State ex rel. Pharmaceutical Association v. Secretary of State, 52 La.Ann. 936, 27 So. 565, 49 L.R.A. 218, 78 Am.St. Rep. 364.

"And the ruling, so made, has been impliedly affirmed in the cases of Schenck et al. v. Schenck et al., 52 La.Ann. [2102] 2104, 28 So. 302, and State ex rel. Garig et al. v. Judge, 104 La. [472] 478, 29 So. 18. We therefore conclude that, from the three days' delay allowed by Code Prac. art. 1082, for answering in the city court of New Orleans, Sundays are to be excluded, and hence that the answers of the garnishee, applicant herein, were made within the time required." (Italics ours.)

█ Hence, it is settled that, where a statute allows a certain period of time within which to perform a legal act and such given length of time does not necessarily include a Sunday, Sundays are not to be counted even though they are not specifically excluded by the statute.

█ Finding that Sunday, July 30th, was excluded in computing the time within which Mrs. Currie had to file her answer, the question then arises as to whether Saturday, July 29th (a half holiday under the provisions of Act No. 165 of 1932), was also excluded. In Levy v. Michon Bros., 142 La. 825, 826, 77 So. 644, the Supreme Court had occasion to consider whether, under a rule of the Court of Appeal grant-

ing three days' notice to the appellees of the fixing of their case, legal holidays should be counted. The court, in holding that legal holidays are to be omitted, cited with approval Johnson v. Murphy, supra; and stated:

"When the delay within which a certain thing is to be done is such that it does not necessarily include Sunday, Sunday is excluded from the computation. * * * *and throughout our legislation legal holidays are put on the same footing as Sunday, as days of rest.*" (Italics ours)

The theory of the Supreme Court, in its holding in Johnson v. Murphy, Levy v. Michon Bros., and other cases, reflects a wise interpretation of the intention of the Legislature, for, if Sundays and holidays should be counted in the computation, where the time allowed by statute is short, there are many cases in which all of the intervening days would be dies non.

By Act No. 165 of 1932, which applies to the case at bar, Saturday, from 12 o'clock noon, until 12 o'clock midnight, is designated as a half holiday, and, accordingly, it would seem to follow that, under the jurisprudence as laid down in the above-cited cases, Mrs. Currie was only granted, by the decision of the court below, two and one-half legal days within which to file her answer, whereas article 1082 of the Code of Practice allowed her three days.

But counsel for Frank argue that Act No. 165 of 1932, which declares that Saturday shall be a half holiday, does not contemplate that it is a dies non, with respect to the filing of answers or the performance of other legal acts, and they point with confidence to a proviso contained in that Act, which reads:

"Provided, further, that it shall be lawful to file and record suits, deeds, mortgages and liens and to issue and serve citation and to take and execute all other legal proceedings, and to make sheriffs' sales on Saturdays half-holidays."

The Supreme Court held, in Rady v. Fire Insurance Patrol of New Orleans, 126 La. 273, 52 So. 491, 492, 139 Am.St.Rep. 511, that service of citation on a Saturday half-holiday was null, and, in so doing, it observed:

"It is very plain that Act No. 3 of 1904 places Saturday half holidays on the same footing as Sunday and other legal holidays and days of public rest, and that Act No. 6 of 1904 treats such half holiday as a dies non juridicus. In fact neither the Code of Practice nor the statutes of this state make any distinction quoad judicial proceedings between Sunday and other legal holidays; all being days of public rest, except in the matter of the trial of cases already begun.

"We therefore are of opinion that the service of the citation on the half holiday, being prohibited by law, produced no legal effect."

 It is claimed by counsel for Frank that the Rady Case may not be relied on, in determining the problem here involved, because the act of 1904 has been repealed, with respect to the service of citation on a Saturday half holiday, and the law, as it now stands, specifically permits the service of citation on Saturdays. It is true that the statute has been amended so as to allow certain legal acts to be performed on Saturday, but, notwithstanding the permission granted, the statute also designates Saturday to be a half holiday. Hence the Rady Case is authority for the proposition that Saturday, being a half holiday, does not require persons, charged with the duty of performing legal acts on that day, to execute them. As we view the proviso, contained in the statute (No. 165 of 1932), it is merely permissive and is not mandatory and, while it recognizes the validity of the performance of certain legal acts on Saturday, it does not penalize those charged with such performance in the event they fail to execute them on the half holiday. It is true that Mrs. Currie might have filed her answer to the original petition on Saturday, July 29th, prior to 12 o'clock noon, when the office of the clerk of the First city court was open, but article 1082 of the Code of Practice did not oblige her to appear and answer the petition until the third day after the service of citation. The best that can be said, if we count the Saturday half holiday, is that Mrs. Currie was allowed two and one-half days within which to file her answer, and to hold that Saturday should be counted, even though it be a half holiday under the law, would be contrary to the jurisprudence established by the cases hereinabove discussed.

In addition to the cases of Levy v. Michon Bros. and Rady v. Fire Ins. Patrol, supra, which, we believe, afford precedent for the view that, in computing the time allowed to answer in proceedings in the city courts, Saturday half holiday is to be

excluded, we find that the cases of O. K. Realty Company v. Juliani, 157 La. 277, 102 So. 399, and Waszoski v. Beatrous, No. 29525 of the docket of the Supreme Court, decided August 20, 1928, fortify this conclusion.

In the Juliani Case, supra, the Supreme Court had under consideration whether Saturday, a legal half holiday, should be included in calculating the time within which an unsuccessful litigant could apply for a rehearing in a case decided by the Court of Appeal, which had been appealed from the First city court of New Orleans. The court held that Saturday was to be counted because, under the law as it then existed, Saturday was a half holiday only in the city of New Orleans, whereas the Court of Appeal for the Parish of Orleans, having jurisdiction in other parishes where Saturday was not a half holiday, was required to entertain the filing of legal documents during the entire day. In other words, the decision is based upon the theory that Saturday was not a half holiday in the Court of Appeal for the Parish of Orleans, and we draw the inference from the opinion of the court that, had Saturday been a half holiday in this court, the point contended for by the relator would have been sustained.

In Waszowski v. Beatrous, supra (unreported), the Supreme Court denied the plaintiff writs of prohibition and mandamus where he was complaining of the action of the trial judge in setting aside a default judgment which had been confirmed prematurely. The question presented was whether Saturday, a half holiday, should be excluded in computing the intervening time between a preliminary default judgment and its confirmation. The court found that the district judge was correct in setting aside the confirmation of the default where one of the two intervening judicial days relied upon was a Saturday half holiday. It is true that, under article 312 of the Code of Practice, which was involved in that case, it is specifically declared that, in considering the two days, Sundays and legal holidays shall be excluded. But that fact is unimportant to the decision here, inasmuch as the jurisprudence is firmly established that, where the time allotted for the doing of a legal act is of such short duration that it does not necessarily include a Sunday or holiday, then intervening Sundays or holidays will be excluded from the computation of the time for the act to be performed.

Our attention has been directed to three cases decided by this court, which seem to be contrary to our present opinion. Those cases are: Leopold v. Schmidt, No. 9256 of the Docket (unreported) [see Louisiana and Southern Digest]; Goodman & Beer Co. v. Katz, No. 9384 of the Docket (unreported) [see Louisiana and Southern Digest]; and Riverside Transfer Co., Inc., v. Service Drayage Co., Inc., 16 La. App. 621, 135 So. 79. We shall discuss the holdings in the above cases in the order in which we have cited them.

In Leopold v. Schmidt, supra, there was involved the interpretation of whether an appeal was timely inasmuch as the appeal bond had not been filed within ten days, exclusive of Sundays. We held that Saturdays are to be counted in computing the time granted for perfecting the appeal. But that decision is distinguishable from the case at bar on the ground that the period of time within which to take the appeal was ten days, not including Sundays, and the law is well settled that, where the time allowed is of such length as to necessarily include dies non, Sundays and holidays will be counted unless specifically excluded by the statute. See Kelly, Weber & Co..v. F. D. Harvey & Co., and Christmon v. Hawkins, supra.

In Goodman & Beer Co. v. Katz, supra, the question presented was whether Saturdays should be included in computing the three judicial days allowed by law within which to make application for a new trial in the First city court. We held, relying upon the decision of Leopold v. Schmidt, that Saturday was a full legal day and was to be included in computing the time. While we find that the case of Leopold v. Schmidt can be distinguished from the case at bar on the ground that there the party appealing had ten days within which to perfect the same, we notice that in the case of Goodman & Beer Co. v. Katz the defendant was only given three days under the law to apply for a new trial. The latter case is inconsistent with the decisions of Johnson v. Murphy, Levy v. Michon Bros., Rady v. Fire Ins. Patrol, and O. K. Realty Co. v. Juliani, supra.

The case of Riverside Transfer Co., Inc., v. Service Drayage Co., Inc., supra, concerned the question of the calculation of the ten days allowed by law within which transcripts are returnable to this court from the First city court and is distinguishable from the case here in that the

delay allowed by law necessarily included Sundays or holidays. It therefore falls within the rule laid down by the Supreme Court in the Kelly, Weber Case, supra.

In view of the established jurisprudence, we hold that Saturday, July 29th, being a half holiday, was excluded from the time within which Mrs. Currie was required to file her answer to the petition of Frank. Likewise, Sunday, July 30th, being a day of public rest, was also excluded. Hence, only two legal days, to wit, Monday, July 31st, and Tuesday, August 1st, intervened between the date on which citation was served and the taking of the default judgment on August 2d. For this reason, the default judgment was entered prematurely and it is void. It follows that Mrs. Currie's petition for annulment of the judgment states a cause of action, under the provisions of article 606 of the Code of Practice, paragraph 4, providing that judgments can be annulled "if the defendant has not been legally cited, and has not entered appearance, joined issue, or *had not a regular judgment by default taken against him."* (Italics ours).

Counsel for Frank insist that the city court is without jurisdiction to annul its own judgment because articles 604–613 of the Code of Practice relate only to practice in the district courts and can have no application to proceedings before justices of the peace. This contention is without merit for two reasons: First, there was no plea filed to the jurisdiction of the city court; and, second, even if such plea had been filed, the authorities are to the effect that the original jurisdiction conferred by the Constitution in certain courts vested in these courts all powers necessarily or usually incident to such jurisdiction, including the power to execute decrees by writs provided for that purpose, to control, regulate, and restrain such execution in proper cases, and to annul their own judgments in the cases and methods provided by law. See Lazarus v. McGuirk, 42 La.Ann. 194, 8 So. 253, and Harty v. Harty, 8 Mart. (N.S.) 518; and, also, article 1152 of the Code of Practice, declaring that "Justices of the Peace possess all such powers as are necessary to exercise the jurisdiction conferred on them, in cases where no express provision has been made by this Code."

Counsel for Frank further contend, in oral argument, that Mrs. Currie is estopped, by her own laches, from asserting the nullity of the judgment rendered against her, inasmuch as she has allowed over a year to elapse, since the judgment became final, without opposing it. They point to the record, which exhibits the fact that on numerous occasions Mrs. Currie was brought into court under the provisions of Act No. 198 of 1924, amended by Act No. 263 of 1928, to be examined as a judgment debtor and, at no time, until the filing of these annulment proceedings, did she contend that the judgment against her was illegal. Article 612 of the Code of Practice reads:

"The nullity of a judgment rendered against a party without his having been cited, or by an incompetent judge, even if all the formalities of the law have been observed, *may be demanded at any time,* unless the defendant were present in the parish, and yet suffered the judgment to be executed without opposing the same.

"The same rule shall govern, as regards a defendant not qualified to appear in a suit where judgment has been given against him, if he suffer the judgment to be executed against his property without opposing the same." (Italics ours).

It will be observed that the foregoing article does not specifically mention cases where the default judgment has been prematurely taken, but, even though we consider this case as being included thereunder, the plea of laches is not well taken, because Mrs. Currie, while present in the parish, has not suffered the judgment to be executed against her without opposing the same. "Execution," as we interpret its use in the article, means the seizure of property and there is nothing in the record to show that Mrs. Currie's property was, at any time, seized or sold by the constable.

If the codal article is without application to cases where default judgments are prematurely taken, then there is no other provision in our law, concerning prescription, where the action for nullity is based upon vices of form. The only other article of the Code of Practice providing the prescriptive period within which the attack on the judgment is to be made, concerns actions for nullity where the judgment has been obtained through fraud or because the defendant had lost or mislaid the receipt given to him by the plaintiff, and, in those cases, the action must be brought within one year after the fraud has been discovered or the receipt found. See article 613.

Being of opinion that the trial .judge was in error when he sustained the exception of no right or cause of action, in that the petition exhibited that the judgment rendered was void because it was prematurely rendered, it is unnecessary to consider the sufficiency of the allegations of fraud.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that this cause be remanded to the First city court of New Orleans for further proceedings according to law and consistent with the views herein expressed. Joseph Frank to pay costs of this appeal.

Reversed and remanded.