In this suit plaintiff seeks damages against Marion T. Fannaly and Marion T. Fannaly, Inc., for an alleged illegal ejectment from property which he claims the right to occupy under an oral contract of lease from the defendant Fannaly and a written recorded contract of lease from one W.T. Smith. Both defendants filed exceptions of misjoinder of parties defendant. The exception, on behalf of Marion T. Fannaly, Inc., was sustained and the suit as to it was dismissed as in case of non-suit. The exception as to Marion T. Fannaly was overruled.
Upon the trial of the case, on the merits as to the remaining defendant, there was judgment in defendant's favor, dismissing plaintiff's suit. Plaintiff has appealed. Defendant has answered the appeal praying that his former exception be maintained and that the judgment be confirmed.
This case presents throughout the record obvious errors, too numerous to mention herein, and is in fact a comedy of errors. It was carelessly tried and appealed. It was before us at a former hearing and we remanded the case for the purpose of completing the record. 200 So. 501. We again find the record incomplete, but we feel that there is sufficient evidence before us to finally dispose of the case.
Since plaintiff has not taken an appeal from the judgment dismissing his suit on the exception as to Marion T. Fannaly, Inc., that judgment is not before us for review. While defendant Fannaly again urges his exception, we are of the opinion that he has no cause to complain of any misjoinder as to the other defendant, as the other defendant has been eliminated from the suit. He is the only defendant in the case and the only judgment under review is the one in his favor.
The plaintiff, in the latter part of 1937, orally leased for the strawberry season of 1937-1938 a small farm in the Parish of Tangipahoa from the defendant and moved on the property in the early part of January, 1938, with the understanding that all the crops thus produced and marketed from the farm were to be shipped or sold through Marion T. Fannaly, Inc., and the defendant, as rent, was to receive one-fifth of said crops. At the time this lease was made the title of the property was in the name of Willie T. Smith, but defendant held vendor's *West Page 34 
lien and privilege notes against the property, he being the original vendor to Smith; Smith had abandoned the property and had agreed with defendant to re-transfer the farm to defendant in satisfaction of the notes; Smith was unable to do so on account of some judgments rendered against him.
Plaintiff farmed the property and complied with his contract for the crop year of 1938, and continued to reside on and farm the property without objection from the defendant for the crop year of 1938-1939, thus renewing the lease by reconduction. For some undisclosed reason, in April, 1939, plaintiff sought Smith, the record owner of the property, and obtained from him a written lease for the full year of 1939 of the property, and had this lease duly recorded in the Conveyance Records for the Parish of Tangipahoa. We are not favored with a copy of this lease. For the crop year of 1938-39, plaintiff partly fulfilled his contract of marketing his strawberry crop with the defendant and, in fact, disregarded his former oral lease with defendant. It appears that defendant, upon obtaining the information that plaintiff had obtained such a written lease from Smith and had it recorded, together with plaintiff's failure to fully comply with his oral contract of lease, notified plaintiff some time in June, 1939, that his oral contract of lease with him had expired and demanded possession of the premises. Plaintiff refused defendant's demand, basing his refusal upon the fact that his lease was from Smith and not from defendant and that by virtue of his lease with Smith he was entitled to remain on the premises for the entire year 1939. Defendant, on account of the judgments against Smith and the recorded lease, some time in July (the exact date not being shown) instituted a foreclosure proceeding against Smith and had the property seized and sold at public auction at which sale Marion T. Fannaly, Inc., became the adjudicatee. We are not favored with the record of this proceeding, but base our statement on the oral evidence in this record.
It further appears from such oral evidence that defendant, in November, 1939, instructed the Sheriff to put the adjudicatee in possession of the property. In accordance with these instructions, in pursuance to Act 113 of 1906, the Clerk of the Court issued a writ of ejectment addressed to the Sheriff to put the adjudicatee in the physical possession of the property. By virtue of the said writ, in accordance with Code of Practice, Article 632, the Sheriff, on November 10, 1939, gave notice to the plaintiff to vacate the premises after three days from such notice. On November 14, 1939, plaintiff was ejected by the removal of his furniture and fixtures from the premises. This forms the basis of his action.
The plaintiff admits that he was to remain on the property until he had removed his crop, no specific time being set. He further admits that by June 1, 1939, his strawberry crop for that year had been harvested and disposed of. He further admits that he had violated his oral contract with defendant prior to and after June 1, 1939; that he regarded himself as not having any contract with the defendant after June 1, 1939. If plaintiff was illegally ejected, it necessarily must have been by the procedure taken in November, 1939, long after the contract of lease between himself and defendant had expired. We are therefore only concerned as to whether or not the formality of the law was complied with.
C.P. Article 632 provides that: "If three days after the sheriff shall have served a copy of this writ on the party who has been condemned to quit the estate, he shall refuse to obey the order and to go off, the sheriff shall proceed to put in full possession of the estate the party who has obtained the judgment, and shall compel the other to depart, even by breaking open the doors, if it be necessary, and by summoning the posse comitatus, if resistance be made."
As previously stated, the writ was served on plaintiff on Friday, November 10, 1939; plaintiff had three days thereafter to vacate. November 11th was a holiday by virtue of Act 307 of 1938; the same can be said of November 12th, it being a Sunday. These two days should have been excluded. We see no reason why we should go into any extensive discussion of the reasons therefor because we base our statement upon the opinion rendered in the case of Frank v. Currie, La.App., 172 So. 843. Thus plaintiff had all of Monday, Tuesday and Wednesday, November 13, 14 and 15, within which to comply with the writ. He was ejected on Tuesday, November 14th, thus making the ejectment too soon and illegal. *West Page 35 
Plaintiff's evidence as to his damages is very vague and indefinite. We fail to find wherein he has definitely proved any item of damages to himself, his family or his furniture. However, we believe that he is entitled to nominal damages, which we fix at the sum of $25.
For these reasons, it is ordered, adjudged and decreed that the judgment appealed from is annulled, avoided and reversed; it is now ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff and against defendant Marion T. Fannaly in the just and full sum of $25, with 5% interest thereon from judicial demand until paid, with all costs of these proceedings.